BENDHEIM BROTHERS & COMPANY vs. BALDWIN.

The law does not require a justice of the peace to charge the jury at all, and it would seem best that he should not do so; but if he undertakes to instruct them, he must do so correctly and in accordance with law. For a justice to inform the jury that he had tried the case before and decided in favor of the defendant, was error which tended to prejudice the plaintiff's case, and on *certiorari* a new trial should have been granted.

December 19, 1884.

Justice Courts. Charge of Court. Before Judge MERSHON. Pierce County. At Chambers. June 24, 1884.

Reported in the decision.

ANDREW B. ESTES, Jr., by HARRISON & PEEPLES, for plaintiffs in error.

No appearance for defendant.

BLANDFORD, Justice.

This case was tried in a justice's court on appeal before a jury, the Honorable R. G. Riggins, justice of the peace, presiding. His honor charged the jury as follows: "Gentlemen, this is a case which has been tried by me before, and I decided in favor of defendant; I further charge you, gentlemen, that if you find that any settlement has been made, you find for defendant; retire and make up your verdict."

The law does not require a justice of the peace to charge the jury at all; his ignorance of the law, as well as propriety, would seem to demand that he should not, but if he undertakes to instruct the jury, he must do it correctly and in accordance with law. A justice of the peace is generally a man of consequence in his neighborhood; he writes the wills, draws the deeds and pulls the teeth of the people; also he performs divers surgical operations on

the animals of his neighbors. The justice has played his part on the busy stage of life from the time of Mr. Justice Shallow down to the time of Mr. Justice Riggins. Who has not seen the gaping, listening crowd assembled around his honor, the justice, on tiptoe to catch the words of wis-dom as they fell from his venerated lips?

> " And still they gazed,
> And still the wonder grew,
> That one small head
> Could carry all he knew."

The instructions given in this case exercised an undue· and unwarrantable influence upon the jury. Such is to be inferred from the fact that they found for defendant,. when the evidence was overwhelmingly in favor of the plaintiff. The judge of the superior court should have· granted the writ of *certiorari* in this case, and it was error· to have refused the same.

Judgment reversed.