3041.  SEABOARD AIR-LINE RAILWAY *v.* PEEPLES.

1. The failure to serve counsel of the opposite party with the brief of counsel for the plaintiff in error, as required by rule 15, may subject counsel to a penalty for contempt of court, but is not ground for dismissing the writ of error.

2. There was no error in overruling the demurrer, which complained that plaintiff's petition did not point out the particular train or trains by which the plaintiff's cattle were killed, nor the hour of the day when any of the cattle were killed, nor the direction in which the train was going.

DECIDED JUNE 29, 1911.

Action for damages; from city court of St. Marys—Judge Atkinson.  November 14, 1910.

*Crovatt & Whitfield,* for plaintiff in error.

*S. C. Townsend,* contra.

RUSSELL, J.  1. A motion is made to dismiss the bill of exceptions in this case, upon the ground that counsel for the plaintiff in error did not serve counsel for the defendant in error with a copy of their brief five days prior to the time set for its hearing upon the calendar of this court.  Rule 15 of this court provides as follows: "Counsel for each party must exchange briefs (and written arguments, if any) with his opponent at least five days before the day set for the call of the calendar to which the case is assigned. This may be done by delivering a copy to his adversary personally or by mail."  It appears, from the exhibits attached to the motion to dismiss, that counsel for the defendant in error was not served with a copy of the brief of opposing counsel until the 15th day of December, 1910, and the case was set for hearing upon the calendar on December 19, 1910.  Clearly, therefore, rule 15 was not complied with.  The brief should have been served prior to the

14th, as the intervening Sunday should not be counted as one of the five days allowed. However, this does not require the dismissal of the writ of error, though it may subject counsel for the plaintiff in error to a penalty for contempt of court, under the express provisions of rule 15, if the circumstances were such as to demand such action on the part of this court.

2. The plaintiff sought to recover in one suit damages for the killing of several head of cattle. In different paragraphs the petition set out the date on which each animal was killed, and the point on the line of the defendant company's railroad where the killing occurred, and thereafter alleged that all of the animals were his property, and were killed by the collision of an engine drawing a train of cars of the defendant at the points and times designated, and that the killing was due to negligence of the defendant. The negligence alleged was, that the engine was not properly sanded; that the engineer did not keep a proper lookout, and by reason thereof did not discover the cattle on the track ahead as soon as he would otherwise have discovered them; that the engineer did not blow the whistle, and did not ring the bell, nor try to stop the train on discovery of the plaintiff's cattle on the track, but, on the contrary, ran the train in a very fast and reckless manner; that the engineer, after discovering the cattle on the track, failed to stop the train or to blow the whistle and ring the bell, although he had ample time to have done so. It was also averred that the company was negligent in permitting grasses and other vegetation, suitable for grazing purposes and attractive and enticing to cattle, to grow and accumulate on its roadbed. The defendant demurred to the petition generally, as not containing any cause of action and as not stating sufficient facts to entitle the plaintiff to recover; also because the fact that the defendant permitted grasses attractive to cattle to grow on its roadbed was not negligence as related to the plaintiff, and because the petition failed to identify the different cattle alleged to have been injured, and to point out the particular train or trains by which in each instance the act was done, the hour of the day of its doing, and the direction in which the train was then going. The court sustained so much of the demurrer as to require the plaintiff to identify more fully the cattle alleged to have been injured, but overruled the general demurrer, and all other special demurrers, and the plaintiff amended his

petition by setting out the marks upon the cattle. Exception is taken to the overruling of the demurrers. We think the court ruled properly. The plaintiff was entitled to denominate as acts of negligence the facts which he contended constituted negligence; and then it became a question of fact for the jury to determine, under the particular circumstances of the case, whether the acts omitted or committed in fact constituted negligence; and this the plaintiff did.                                *Judgment affirmed.*