## 4768.   HAYWOOD *v.* KITCHENS.

In the trial of a case on appeal in a justice's court it was error for the magistrate to inform the jury that he desired to take the train in thirty minutes; that he wanted a verdict made, one way or the other, within that time, in order to permit him to take the train; and that he wanted to get rid of the case some way in that time. While the amount involved was small, the evidence was sharply conflicting and somewhat voluminous, and the conduct of the justice tended unduly to hasten the consideration of the case.

DECIDED JUNE 10, 1913.

Certiorari; from Glascock superior court—Judge Walker. January 29, 1913.

*J. C. Newsome,* for plaintiff in error.

POTTLE, J.   An action was brought in a justice's court by a physician, on an open account for professional services rendered to an employee of the defendant. The plaintiff testified that he was employed by the defendant to render the services, and that the de-

fendant expressly agreed to pay for them. The defendant denied this, and contended that the services were rendered, not to him, but to his employee. Several witnesses were introduced. The evidence was sharply conflicting and would have authorized a verdict either way. Several assignments of error are made in the petition for certiorari, in reference to the manner in which the jury was drawn, and as to the composition of the jury; but none of these need be considered. At the conclusion of the evidence the justice gave the jury the following instruction: "Gentlemen, take this case and decide it according to the evidence produced to you. It is only about a half of an hour until train time. I want you to make a verdict, one way or the other, in time for me to get off on that train. I want to get shut of it some way this time. If you find for the plaintiff, state the amount you find; if you find for the defendant, you need not state any amount."

In justices' courts the juries are the judges of both the law and the facts upon the issues submitted to them. The law does not contemplate that the justice shall have the same supervisory power over the trial as would the judge of a court of general jurisdiction. The truth is that, on the trial of an appeal in a justice's court, the magistrate is a sort of figurehead. He is shorn of most of his power and little is left him save his dignity. He is not bound to charge the jury at all. In fact, it is decidedly the better practice for him not to do so. *Bendheim* v. *Baldwin, 73 Ga.* 594. If he does, the jury is not bound to follow his instructions. They can set up their own views of the law in opposition to those of the justice. But, while all this is true, the magistrate is generally held in great respect by his neighbors. He is usually one of the leading men in the community. The very position of the justice on the bench may, in the minds of the jury, give to his statements greater weight than would attach to those of an advocate presenting to the jury his views of the law from his position on the floor. Hence it is that when the justice undertakes to charge the jury, he must charge them correctly. In the present case the justice did not attempt to instruct the jury in reference to the principles of law which should control them in reaching their verdict; but what he did say to them had the tendency to unduly hasten their consideration of the case. The amount involved is small, but there is much evidence. The smallness of the amount did not justify undue haste. Thirty min--

utes may have been ample, but it was more important that the jury should maturely consider the case and reach a correct conclusion than that the justice should "get shut of it," and catch his train. The certiorari should have been sustained. *Judgment reversed.*