## 5415.　STEWART *v.* MURRAY.

1. "The failure to serve counsel of the opposite party with the brief of counsel for the plaintiff in error, as required by rule 15, may subject counsel to a penalty for contempt of court, but is not ground for dismissing the writ of error."

2. The failure of the magistrate to stop the argument which was being made by counsel in the justice's court, and to instruct the jury as requested, was not such an error as to vitiate the trial or to require another trial. The argument to which objection was made, though not supported by the reasons stated therein, was not improper and was authorized by testimony. The principles of equity are to be applied in justice's courts, and a general objection to an argument which invokes their application need not be sustained merely because a wrong reason is given for the existence of the undoubted right.

(*a*) A justice of the peace has not, as a matter of right, the power to instruct a jury in his court upon the law pertinent to a cause; and while, if he correctly instructs them, it is not error, a justice of the peace, in charging the jury, does so at his peril. Justice's court jurors are sworn to try the cause "according to equity." Civil Code, § 4744.

3. The verdict rendered in the justice's court was so well supported by evidence that the judge of the superior court did not err in refusing to sanction the certiorari.

DECIDED APRIL 18, 1914.

Certiorari; from Coffee superior court—Judge Parker. November 14, 1913.

*W. W. Bennett, Chastain & Henson,* for plaintiff in error.

*B. F. Allen,* contra.

RUSSELL, C. J. Stewart sold to Bennett certain property on conditions which involved Bennett's payment of certain outstanding incumbrances and obligations, and Bennett went into possession of the property. While Bennett was in possession of the turpentine still and other property purchased from Stewart, Murray sold to Bennett a bill of staves to be used in making barrels in which to ship the products of the manufactory. Later, upon Bennett's failure to meet some of the payments stipulated in the contract of purchase, Stewart again went into possession of the turpentine orchard and still, and, within a few days after he had retaken possession, Murray caused an attachment against Bennett to be levied on 39 barrels of rosin, which had been manufactured at the plant and which had been marked to the Peninsular Naval Stores Company. Stewart interposed a claim in which he asserted that the 39 barrels of rosin were his property, and the issue thus formed has been several times adjudicated since 1907, with varying results.

On the trial now under review the jury found that the property in dispute was subject to Murray's fi. fa. The claimant presented a petition for certiorari to the judge of the superior court, who refused to sanction it; and exception is taken to the refusal to order the issuance of the writ.

1. The motion to dismiss the bill of exceptions, because of failure to serve counsel for the defendant in error with a copy of the brief of counsel for the plaintiff in error within the time prescribed by rule 15 of this court, is overruled. The ruling is controlled by our holding in *Seaboard Air-Line Railway* v. *Peeples*, 9 *Ga. App.* 477 (71 S. E. 758), where the same point was presented. Failure to serve counsel as required by the rule empowers this court, in a proper case, to impose a penalty for contempt, but is not ground for refusing to review assignments of error properly presented in a bill of exceptions timely certified, filed, and served.

2. The first assignment of error in the petition for certiorari concerns the failure of the justice of the peace to correct and reprimand the attorney of the plaintiff in fi. fa. for certain expressions contained in his argument, and to exclude them from the jury. The complaint is also made that the magistrate failed to instruct the jury as to the issue to be passed upon by it, after the improper argument was made. The argument attributed to Bennett's counsel and to which objection is made was that "as the indebtedness in said attachment case against D. H. Bennett was for staves, and as the rosin levied on was encased in staves which were upon the premises when W. W. Stewart took the property back from D. H. Bennett, therefore there was a purchase-money lien against the property levied on, and, regardless of whether the property levied on was the property of D. H. Bennett or was the property of W. W. Stewart, the jury should find it subject to the attachment." It is also stated in the petition for certiorari that after objection had been made to the language just quoted, counsel for the plaintiff in error stated to the court, in the presence of the jury, that the court had no right to give any instructions on the question of what was the issue in the case; that if the court attempted to intervene in the matter and instruct the jury, the instruction would invalidate the verdict, and he (counsel) would have a mistrial declared. We are not prepared to hold that the magistrate erred in refusing to order counsel to desist from his argument, or in refusing to repri-

mand him, or in declining to exclude the alleged improper remarks from the consideration of the jury. Aside from the fact that there is evidence in this case authorizing the inference that Stewart's possession of the premises and of the appliances thereon was in fact the possession of Bennett, for the reason that therein Stewart was no more than his agent, there is evidence that Stewart received and used the staves which Murray had furnished to Bennett, and which constituted the basis of his claim against Bennett, and without them, so far as appears from the evidence, Stewart could not have continued the operation of the turpentine still or have shipped its products. All the evidence indicated that Stewart was thoroughly familiar with the particulars of Bennett's business. The jury could well infer that Stewart was charged with notice that these staves had not been paid for by Bennett; and certainly, under the equitable principles which prevail in justices' courts, the essential statement of the counsel's argument was true. It may be true that counsel was in error in concluding that Bennett had a lien for the purchase-money (though Bennett might have asserted such a lien if the transfer of the staves was fraudulent), but the essential point in which the jury was concerned was whether there was sufficient evidence to support the proposition that Stewart was in equity estopped from disputing Murray's right to be paid for the staves; and as we have indicated above, an affidavit of Stewart relating all the facts of the transaction (which had been given in another case) fully authorized the jury to infer that there had never been any transfer of Bennett's title in the staves to Stewart. Of course, counsel's statement that "regardless of whether the property levied on was the property of D. H. Bennett or the property of W. W. Stewart, the jury should find it subject," standing by itself, would have been improper, because it would have been the duty of the jury, if they believed that the property was Stewart's, to find in favor of the claimant. But counsel was not in error in his main contention to the effect that if Stewart, with knowledge of Bennett's indebtedness to Murray, and while in possession of the property, as Bennett's agent, used the staves, he would be liable for their value. We can not say that the language used by counsel, in giving utterance to a veiled threat, as to what he would do if the magistrate should instruct the jury as the claimant's counsel requested, meets with our full approval; but counsel was undoubtedly

correct in saying that the justice of the peace had no right to instruct the jury as to the issue involved, or as to the legal principles which he might suppose were pertinent and controlling. A justice of the peace may charge a jury at his peril, and the verdict will not be set aside if the instructions given are free from error. This, however, simply permits a magistrate to impart to the jury his conception of the law, and the irregularity is treated as harmless error if the instructions given are free from error. A justice of the peace has no original power to charge the jury, and, therefore, no duty in that regard. *Bendheim* v. *Baldwin,* 73 *Ga.* 594; *Freeman* v. *Exchange Bank,* 87 *Ga.* 45 (3), 50 (13 S. E. 154) ; *Haywood* v. *Kitchens,* 12 *Ga. App.* 784 (78 S. E. 614).

3. After a careful review of the oral testimony of the claimant, a consideration of the contract between himself and Bennett, and especially of the affidavit made by this claimant, in which he admitted that the property was put in his possession under an agreement by which he was to receive $100 per month from Bennett during the time that Bennett might operate the still, but that Bennett could sell the property on his own account and retain all of the purchase price remaining after he had paid Stewart the balance due the latter, the inference that there never was in fact any sale by Bennett to Stewart is authorized by the evidence in the record. This being true, the verdict is supported; and, there being no material error on the trial, the judge of the superior court was warranted in refusing to sanction the certiorari.

*Judgment affirmed. Roan, J., absent.*