11735, 11736. REED OIL COMPANY *v.* HARRISON; and *vice versa.*

BROYLES, C. J. 1. Cases contemplated by the statute in which extraordinary motions for new trials will lie should disclose transactions which do not ordinarily occur in human affairs. *Cox* v. *Hillyer*, 65 *Ga.* 57 (2).

2. " Ordinarily, cumulative and impeaching evidence is not ground for a new trial; but when such a motion is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and *each* of his counsel that they did not know of the existence of such evidence before the trial, *and that the same could not have been discovered by the exercise of ordinary diligence. If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced.*" Civil Code (1910), § 6086. (Italics ours.)

3. Extraordinary motions for new trials based on the ground of newly discovered evidence are viewed by the courts with even less favor than ordinary motions on that ground, and a stricter rule is applied to the former. *Norman* v. *Goode*, 121 *Ga.* 449 (49 S. E. 208).

4. Applying these rulings to the facts of the instant case, no merit whatever appears in the extraordinary motion for a new trial, based solely upon the ground of newly discovered evidence, and the court did not err in overruling it.

5. The extraordinary motion for a new trial is so palpably devoid of any merit whatsoever that it forces a conviction that the writ of error must have been prosecuted for the purpose of delay only, and the request of the defendant in error, that he be allowed ten per cent. damages for such delay, is granted.

*Judgment on the main bill of exceptions affirmed, with damages; cross-bill dismissed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Complaint; from Colquitt superior court — Judge Thomas. June 19, 1920.

Reed Oil Company sued Harrison upon an account including sums alleged to have been overdrawn by the defendant on his salary and commissions while working for the plaintiff. The defendant in his answer denied the alleged indebtedness and pleaded that the plaintiff owed him $425.95 as commissions above his salary. The case was referred to an auditor, who found in favor of the defendant and against the plaintiff, in the sum of $425.95, besides interest; and, there being no exceptions to this finding, the court rendered judgment accordingly. No motion for a new trial was filed at the term of the trial, but at a subsequent term the plaintiff filed an extraordinary motion for a new trial, based on alleged newly discovered evidence that $425.95, which represented an apparent balance in the defendant's favor on the

plaintiff's books, was charged back to him at his request, the defendant stating at the time that he had not earned it, because he had failed to turn in sufficient business as a salesman to offset his salary and traveling expenses. Affidavits of a former bookkeeper and a former vice-president of the plaintiff to this effect were submitted in support of the motion, with an affidavit of the president of the plaintiff that the " subject-matter " contained in these affidavits was unknown to him at or prior to the time of the trial, and until, a subsequent date stated, and that through the exercise of all means at his command he had no way of knowing of the existence of this evidence at the time of the trial; also an affidavit of one of the firm of attorneys representing the plaintiff, that neither he nor the other member of the firm had any knowledge of the matters set out in the above-mentioned affidavits, until a given date after the trial. On the hearing of the motion the movant introduced also the record of the case, including the evidence adduced at the hearing before the auditor. The court overruled the motion, and the movant excepted.

*M. M. Holloway,· A. L. Richards,* for plaintiff.

*P. Q. Bryan,* for defendant.