24386. SAMPLES *v.* ASHLEY.

DECIDED APRIL 9, 1935.

*H. W. Nalley,* for plaintiff in error. *W. B. Smith,* contra.

SUTTON, J. ■ There is a motion to dismiss the writ of error in this case on the ground that the costs were not paid and that the pauper affidavit in lieu thereof was improper, in that it was filed on July 26, 1934, whereas the bill of exceptions was not filed until the 30th day of that month, and therefore it does not affirmatively appear that on filing the bill of exceptions the plaintiff in error was unable to pay costs; "that is, within the four days after filing pauper affidavit and the time of filing bill of exceptions she could not have paid the costs." The affidavit complained of was properly entitled in the cause and recites that the affiant "now, on and before filing of said bill of exceptions therein, makes and files this her affidavit for the purpose of obtaining a supersedeas in said case, and on oath says that she is unable, from her poverty, to pay

the costs or give the security for the eventual condemnation money in said case, and that her counsel has advised her that she has good cause for a writ of error." This affidavit was in proper form, and will not, because it was filed four days prior to the filing of the bill of exceptions in the court below, be held defective because it does not affirmatively show that the plaintiff in error was unable to pay the costs, etc., at the time she filed her bill of exceptions. Code of 1933, §§ 6-1002, 1004, 24-3623.

■ It is urged that the bill of exceptions should be dismissed because, although it was filed in the office of the clerk of the trial court on July 30, 1934, it was not transmitted to this court and filed until August 27, 1934. A bill of exceptions in this court, complaining of the overruling of a motion for a new trial, must be filed in the clerk's office of the trial court within fifteen days from the date of its certification, and within ten days from that date it is the duty of the clerk of the trial court to transmit the same, together with the record necessary, to the next term of this court. Code of 1933, § 6-1001. The clerk of the trial court in this case certified that he had been ill for three weeks and unable to transmit the bill of exceptions and the record within the time required by law. This being so, the writ of error should not be dismissed because not transmitted to this court within ten days from the date of its filing in the trial court. This case reached this court in time to be heard at the term to which it was returnable. When filed in the clerk's office below on July 30, 1934, after the docket of this court for the March term, 1934, had been closed, the case was returnable to the October term, 1934, of this court, and when it reached this court on August 27, 1934, it was in time to be heard at the October term, 1934, and the provisions of the above section of the code are clearly applicable. This case is not like that of *A. C. L. R. Co.* v. *Georgia Sweet Potato Growers Asso.,* 171 *Ga.* 30 (154 S. E. 608), and *G. M. A. C.* v. *Citizens Security Co.,* 171 *Ga.* 891 (156 S. E. 904), and cit., where the bill of exceptions was filed in the lower court in time to be heard at the then-current term of the appellate court, but the same was not transmitted to the proper appellate court until after the close of the term.

■ A bill of exceptions will not be dismissed because of the failure of counsel for the plaintiff in error to file and serve his

briefs within the time prescribed. However, counsel in such a case is subject to be attached for contempt of this court. Code of 1933, § 6-1306; *Barfield Music House* v. *Harris*, 20 *Ga. App.* 42 (92 S. E. 402); *Roberts* v. *Roberts*, 115 *Ga.* 259, 266 (41 S. E. 616, 90 Am. St. R. 108); *S. A. L. Ry.* v. *Peeples*, 9 *Ga. App.* 477 (71 S. E. 758); *Stewart* v. *Murray*, 14 *Ga. App.* 438 (81 S. E. 382); *Lineberger* v. *Swain*, 28 *Ga. App.* 497 (111 S. E. 702).

■ This was a suit on open account and on a promissory note. The plaintiff contended that the defendant purchased certain merchandise of him for Fannie Harrelson, a cropper upon her farm, and that the same was charged upon the plaintiff's books to the defendant, with her consent and authorization. Plaintiff also contended that the note was signed by defendant in settlement of an account carried upon his books for merchandise furnished George McCoy, another cropper of the defendant, and charged to the defendant. The defendant contended that the open account was unauthorized and she was not liable therefor, and that the note was signed by her as a surety, while she was a married woman. The jury returned a verdict in favor of the plaintiff. The defendant moved for a new trial upon the ground that since the trial she had discovered that the accounts with the plaintiff were not carried upon his books in her name as contended by the plaintiff, but were carried upon the books of the plaintiff in the names of each of the debtors individually, and that such books did not show that these accounts had been made by her authorization and consent. She contended that this was shown by the original books themselves. Attached as a part of this ground of the motion for new trial is the affidavit of defendant and her counsel that they did not know of this evidence before the trial, and that it could not have been discovered by them by the exercise of ordinary diligence. *Held:*

(a) It is not an abuse of discretion for the trial judge to overrule a motion for new trial based upon newly discovered evidence merely cumulative and impeaching in character. New trials because of newly discovered evidence are not generally favored by the appellate courts, and it is only when such evidence might produce a different verdict upon another trial that the judge's discretion, in overruling a motion based upon that ground will be reversed. *Harris* v. *State*, 149 *Ga.* 724 (102 S. E. 159); *Norman* v. *Goode*, 121 *Ga.* 449 (49 S. E. 268); *Cox* v. *Hillyer*, 65 *Ga.* 57;

*Reed Oil Co.* v. *Harrison,* 26 *Ga. App.* 37 (105 S. E. 496) ; *Morris Storage Co.* v. *Wilkes,* 1 *Ga. App.* 751, 754 (58 S. E. 232) ; *Sims* v. *State,* 1 *Ga. App.* 776 (57 S. E. 1029) ; *Wright* v. *Wright,* 25 *Ga. App.* 721 (104 S. E. 456).

(*b*)   Furthermore, this ground of the motion for new trial contained the joint affidavit of the movant and her counsel that they did not know of the alleged new evidence before the trial of the case, and that they. could not have discovered it by the exercise of ordinary diligence.   This statement is a conclusion, as no facts are alleged or deposed to show that they exercised due diligence and that they could not by the exercise thereof have discovered such new evidence, and the trial judge was not bound to conclude that the affiants had exercised the required diligence.   See *Wheeler* v. *Salinger,* 33 *Ga. App.* 300 (9) (125 S. E. 888), and cit.

(*c*)   Moreover, such evidence was merely cumulative and impeaching in character.   The defendant's defense to the suit was that the account and note sued on were not her debts.   The plaintiff contended that he furnished supplies and groceries to certain croppers of the defendant, at her request, and that she authorized the same to be charged to her, and that the note signed by her was in settlement of merchandise furnished to one of these croppers. The alleged newly discovered evidence was to the effect that the books of original entry kept by the plaintiff showed that the accounts of supplies furnished these croppers were in the names of such parties and not in the name of the defendant, and therefore sustained defendant's contention that the accounts were not in her name, and tended to refute the evidence of the plaintiff that he charged these supplies and groceries upon his books to the defendant.   This evidence was merely cumulative of the defendant's evidence adduced upon the trial, and was impeaching of that of the plaintiff.   Such evidence does not require the grant of a new trial.

■   The defendant further assigns error upon the order overruling her motion for a new trial, because the court erred in overruling the motion of her counsel to exclude the testimony of the plaintiff in reference to the account of Annie Harrelson after he had testified that he was testifying to extracts from the account, taken from his books of original entry and not from the book itself. Defendant objected to this testimony upon the ground that it was secondary evidence and that the book of original entry was the

highest and best evidence. To this ground of the motion for new trial is appended a note by the trial judge qualifying the same. It appears therefrom that this witness further testified that he was testifying from his own recollection of the account and transaction; and it was in this connection that the trial judge held that the books would be higher and better evidence of their contents, and the witness was not permitted to testify what the books showed, but the court refused to exclude what the witness testified he knew from his own recollection of the account and transaction. The judge states that "Nevertheless, the ruling and objection was immaterial to the case, because it was admitted by both parties in open court that the correctness of the account sued upon was not disputed, but the sole issue in the case was whether or not it was an original undertaking on the part of the defendant, that is to say, whether the account was or was not that of the defendant. The witness was not permitted to testify that the account was charged on the books to the defendant. Furthermore, the court could not on the objection as made to all of the testimony of the witness exclude the whole because some of it was, irrespective of the admission as to the correctness of the account, admissible." This ground of the motion for new trial shows no error.

The evidence supports the verdict in the plaintiff's favor, and the trial judge did not err in overruling the defendant's motion for a new trial, for any of the reasons assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*