SIMS *v.* WESTERN & ATLANTIC RAILROAD Co., and *vice versa.*

FISH, J. 1. As the evidence would have authorized the jury to find that plaintiff's husband was killed by the running and operation of defendant's train of cars, thereby, under the statute, raising a presumption of negligence on the part of the railroad company, and as there was no evidence to rebut such a presumption, or to show that plaintiff's husband, by the use of ordinary care, could have avoided the casualty, a nonsuit should not have been granted. Civil Code, § 2321. See *Western & Atlantic R. R.* v. *Steadly,* 65 *Ga.* 263; *Georgia Railroad* v. *Bird,* 76 *Ga.* 13; *Georgia R. & B. Co.* v. *Phillips,* 78 *Ga.* 619; *Central R. & B. Co.* v. *Bryant,* 89 *Ga.* 457 (2); *Strom* v. *Ga. R. Co.,* 108 *Ga.* 758.

2. In an action against a railroad company for a homicide, alleged to have been caused by the negligent running of its locomotive and cars, there was no error in overruling a demurrer to the petition on the ground that it did not allege what particular train, car, engine, or machinery of the defendant company struck and knocked the decedent from its track, or in what direction, north or south, the train was running, or at what hour the casualty occurred, or "specify the particular acts of carelessness and negligence of defendant, and how and in what manner its locomotive, cars, and machinery was negligent and careless."

*Judgment, on main bill of exceptions, reversed; on cross-bill, affirmed. All the Justices concurring, except*

SIMMONS, C. J., dissenting. The presumption against a railroad company declared under section 2321 of the Civil Code does not, in a case of homicide, arise until it is established, at least prima facie, that the killing was done by the running of a locomotive, car, or other machinery of the company. In the present case it does not appear that the deceased was so killed.

Argued March 15, — Decided April 9, 1900.

Action for damages. Before Judge Fite. Whitfield superior court. April term, 1899.

*Shumate & Maddox,* for plaintiff.
*Payne & Tye* and *R. J. & J. McCamy,* for defendant.