## CENTRAL OF GEORGIA RAILWAY CO. *v.* WEATHERS.

1. The petition was good as against a general demurrer; and as amended it fully met the objections raised by the special demurrer filed.
2. In an action for damages against a railroad company for injuries to live stock, the presumption raised against the company, under the Civil Code, § 2321, upon proof of damage to the stock by the running and operation of the locomotive, cars, or other machinery of the defendant, extends only to the negligence alleged in the petition; and where the only negligence alleged was the failure to have a headlight on the engine which it was claimed caused the injury sued for, it was not error for the court to charge that if the plaintiff proved that the injury occurred as alleged in the petition, "the presumption of law would be . . that it was the result of negligence on the part of the defendant; that is, that its failure to have a headlight on the engine was negligence." The last part of this charge clearly related to the presumption as above.

3. The record discloses no error in the admission of evidence. The ground of the motion based on the affidavits of persons who were not introduced as witnesses on the trial does not contend that these affidavits contained newly-discovered evidence, and sets forth no error on the part of the trial court. The evidence, while conflicting, was sufficient to sustain the finding for the plaintiff; and it does not appear that the court erred in overruling the motion for a new trial.

Argued May 26, — Decided June 10, 1904.

Action for damages.     Before Judge Henry.     Chattooga superior court.     December 16, 1903.

*J. D. Taylor* and *J. Branham*, for plaintiff in error.
*H. F. Sharp, C. A. Thornwell,* and *W. S. McHenry,* contra.

CANDLER, J.  This was a suit for damages against a railroad company, for alleged injuries to the plaintiff's mule, as a result of which the mule was rendered wholly useless.  The petition charged that the defendant "was negligent in the running of its train [by which the mule was struck], and that the engine pulling said train did not have up a headlight, and that it was so dark that one was necessary."  The particular train by which it was alleged the mule was struck was set out in the petition, and the injuries to the mule were described.  The defendant demurred generally and specially, the general demurrer setting up that the petition failed to allege any specific acts of omission on the part of the company or its agents that would constitute negligence and authorize a recovery.  To meet this demurrer the plaintiff amended his petition by alleging that the track or road-bed of the defendant at the point where the injury occurred was very nearly straight for a distance of about 400 yards south of the trestle where the mule was injured; that if the company had had a headlight on the engine at the time of the injury, its servants would have seen the mule before running upon it, and could have stopped the train in time to have avoided the injury.  It was charged that the running of the train at the time in question without a headlight was negligence on the part of the defendant company, and that as a result of this negligence the mule was not seen and was run over and injured.  The defendant insisted upon its demurrers, notwithstanding the amendment, but they were overruled.  Exceptions pendente lite were filed to the overruling of the demurrers, and error assigned thereon in this court.  On

the trial the plaintiff introduced evidence from which the jury were authorized to find that the mule was struck by the train and injured as alleged in the petition; that at the time of the injury it was dark, and that the engine had no headlight. The evidence for the defendant was squarely in conflict with that for the plaintiff, and tended to show that the mule was not struck by the train at all. The jury found a verdict for the plaintiff, and the defendant made a motion for a new trial, to the overruling of which it excepted.

1. That the petition was good as against a general demurrer is fully settled by the decision of this court in the case of *Seaboard Air-Line Ry.* v. *Pierce,* 120 *Ga.* 230. The defendant could not admit the allegations of the petition and escape liability. It is equally clear that in view of the amendment offered by the plaintiff the special demurrer was properly overruled. The allegations as to the straightness of the track from the place of the injury in the direction from which the train was coming, the darkness of the evening, and the failure of the defendant to have any headlight on its engine, clearly made out a case of negligence on the part of the company, in the absence of which the presence of the mule on the track could have been discovered and the injury avoided. The defendant was put on ample notice that the sole act of negligence relied on by the plaintiff was the alleged failure to have a headlight burning on its train; and was in a position to meet this issue by proving either that it did have a headlight or that at the time in question it was daylight and none was needed. The fact that on the trial the company did seek to prove the latter of the two alternatives renders it unnecessary to further discuss this feature of the case.

2. In the amendment to the motion for a new trial error is assigned upon the following charge of the court: " Now, gentlemen, if he [the plaintiff] has proved all these things to your satisfaction, then, nothing else appearing, he would be entitled to recover; because if nothing else appeared except what I have just stated to you, then the presumption of law would be, when it is shown that the mule was injured in the manner charged, that it was the result of negligence on the part of the defendant; that is, that its failure to have a headlight on the engine was negligence." The objection made to this charge was that the court erred in the use of the

phrase, "that its failure to have a headlight on the engine was negligence." From the entire charge of the court as sent up in the record it appears that in the portion thereof to which exception is taken the court was instructing the jury as to the law contained in the Civil Code, § 2321. After reading that section, and just preceding the charge quoted, the court charged: "Now gentlemen, in this case, before the plaintiff would make out his case prima facie, and nothing else appearing, . . he must show that at or about the time mentioned in his petition . . he was the owner of the mule described in the petition, and he must show that on that date the mule was struck by the engine or train of the defendant in this county; and he must show that it was injured in the particulars he sets out, by being struck in that way, or some one of those particulars, and must show that thereby it was so much injured as to be useless and to render its killing necessary; and he must show that that mule was struck by the defendant's engine by reason of the fact that at the time the engine had no headlight; and then he must of course show some value of the mule." Taking this in connection with the portion of the charge complained of, which immediately follows it, it will be seen that, far from furnishing any ground for complaint on the part of the defendant, it is open to the criticism that it placed too great a burden on the plaintiff, in that it instructed the jury that in order for the plaintiff to make out a prima facie case he must show that the mule was struck by the defendant's engine by reason of the fact that at the time the engine had no headlight. When the plaintiff showed to the satisfaction of the jury that his mule was struck, as alleged in his petition, by the defendant's train, and proved the damages resulting therefrom, his case was prima facie made out; and the law, under the Civil Code, § 2321, raised a presumption of negligence on the part of the defendant as alleged in the petition. This being the case, it was unnecessary, in order to make out a prima facie case, for the plaintiff to specifically prove the negligence alleged. Without entering into any discussion of the various decisions of this court on the subject, it is sufficient to say that in this State the law requires a plaintiff suing a railroad company for damages to person or property by the running of its trains to set out specifically in his petition the acts of negligence upon which he relies for a recovery, and a petition

which is deficient in this respect is subject to a special demurrer. *Blackstone* v. *R. Co.*, 105 *Ga.* 380; *Russell* v. *R. Co.*, 119 *Ga.* 705; *Seaboard R. Co.* v. *Pierce*, 120 *Ga.* 230.     The case of *Sims* v. *R. Co.*, 111 *Ga.* 820, would seem to hold a contrary view; but the *Sims* case was decided by a divided bench, and must therefore yield as authority to the other cases cited, each of which was a unanimous decision of a full bench.   This court has repeatedly ruled that a plaintiff can not recover for acts of negligence proved against the defendant, other than those alleged in his petition; and that while, under certain circumstances, evidence might be admissible as to other acts of negligence, such evidence can in no case be made the basis of a recovery in the absence of an allegation in the petition setting it up and claiming damages therefor.   If there can be no recovery for acts of negligence not alleged in the petition, it follows as a logical conclusion that there is no presumption of negligence against the company other than as to acts alleged by the petition to have been negligent.   The charge complained of, taken as a whole, in effect presented this view to the jury, the only fault in it being that it went further and charged that the plaintiff must prove the particular act of negligence alleged, in order to make out a prima facie case.   This burden was not upon the plaintiff, although as a matter of fact it appears that he did introduce evidence to show that the injuries sued for were inflicted after dark on the day in question, and that at the time the engine carried no headlight.   The evidence for the defendant tended to show that the engine in question did not strike the plaintiff's mule at all, and that at the time when it was claimed the mule was struck it was daylight and no headlight was needed to enable the engineer to see the mule if he had been upon the track.   The jury, under a fair charge, found in favor of the contentions of the plaintiff and rendered a verdict in his behalf.

3. The motion also complains of the admission by the court of certain evidence for the plaintiff, over the objection of the defendant's counsel that it was irrelevant.   The mere fact that the evidence was irrelevant would not, without something to show that it injuriously affected the complaining party, be cause for a new trial. The evidence in question, however, which consisted of a written report of the section boss to the headquarters of the company, contained several statements which, inasmuch as the section boss

was himself a witness on the trial, were relevant on the question of the credit to be given his testimony before the jury; and the admission of the report in evidence was not, therefore, for any reason assigned, erroneous.

What purports to be a third ground of the amendment to the motion for a new trial might have had a persuasive effect upon the trial judge, inasmuch as it was based upon affidavits of witnesses of known character and standing, as to material facts bearing upon the questions at issue on the trial before the jury. These affidavits were not offered as newly discovered evidence; and they could have had no other purpose than to affect the judge when he came to pass upon the general grounds of the motion.    It was within the discretion of the court to consider the affidavits for this purpose; but he was in no sense bound to do so. It is a settled rule of this court that where there is a conflict in the evidence and the trial judge is satisfied with the conclusions reached by the jury, the verdict and judgment will not be disturbed.    Following this rule, regardless of the truth of the disputed issues of fact, the jury having determined those issues in favor of the plaintiff, and the trial judge having approved their finding by refusing to grant a new trial, we will not interfere, although we might, as an original proposition, believe that the jury ought to have found differently.    Taking the affidavits to which we have referred, we might be satisfied that the finding of the jury was wrong; but those affidavits not being offered as newly-discovered evidence, we hold that upon none of the grounds of the motion was the refusal to grant a new trial erroneous.

*Judgment affirmed.    All the Justices concur.*