## SOUTHERN RAILWAY COMPANY *v.* BUCHAN.

Where, in an action for damages against a railway company for the killing of a mule, the only allegation of negligence was that the defendant "through the negligent operation" of a certain train struck and killed the mule, it was error to overrule a special demurrer to the petition, based on the ground that the petition did not allege with sufficient certainty in what way or manner the defendant was negligent in operating its train, or what specific acts of negligence of the defendant or its agents resulted in the killing of the mule.

NOVEMBER 15, 1911.

Action for damages. Before Judge Martin. Pulaski superior court. November 5, 1910.

*A. C Pate* and *Graham & Graham,* for plaintiff in error.

LUMPKIN, J. W. G. Buchan brought suit against the Southern Railway Company, to recover damages. Beside the formal allegations, the petition contained the following: "On March 8th, 1909, said Railway Company, through the negligent operation of its

trains struck and killed a mule belonging to petitioner, at Meyer's crossing, a crossing and flag-station on said road, in said county, about six miles from Hawkinsville, on the branch line between Hawkinsville and Cochran. Said mule was medium size, gray mare-mule, about 8 years old, and worth $225. Petitioner has made demand on said road for payment, and the same has been refused, and petitioner has not received any compensation for the loss of said property." The petitioner therefore prayed judgment for $225 as damages, and that process issue. The defendant demurred to the petition, on the ground that the allegation that the defendant killed the mule "through the negligent operation of its trains," without stating whether it was a freight or a passenger train, and the particulars of the killing, was insufficient. The plaintiff amended the petition by striking the word "trains" and inserting in lieu thereof "the regular afternoon passenger-train coming from Cochran to Hawkinsville, August 12, 1910." The defendant demurred to the petition as amended, on the ground that it did not allege with sufficient certainty in what way or manner the defendant was negligent, or what specific acts of negligence of the defendant or its agents resulted in the killing of the mule. The demurrer was overruled, and exception was taken pendente lite. After a trial resulting in a verdict for the plaintiff, the defendant moved for a new trial, which was refused, and it excepted. Error was assigned on the exception pendente lite.

The petition, as amended, alleged that the railroad company, "through the negligent operation" of its passenger-train running between two named points on a certain day, struck and killed a mule belonging to the plaintiff at a certain crossing where there was a flag-station. The entire allegation of negligence was contained in the words, "through the negligent operation" of one of its trains. Under several former rulings of this court, such an allegation was subject to special demurrer, and the court erred in overruling the demurrer thereto. *Macon, Dublin & Savannah R. Co.* v. *Stewart,* 120 *Ga.* 890 (48 S. E. 354) ; *Kemp* v. *Central Ry. Co.,* 122 *Ga.* 559 (4), (50 S. E. 465) ; *Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842 (60 S. E. 157). The error was material, for it left the defendant without information as to the specific acts of negligence charged against it, and it did not afford sufficient information as a basis for preparing to meet the case brought against it. This being true,

the verdict must be set aside, and it is unnecessary to discuss the details of rulings made in a trial thus improperly entered upon.

*Judgment reversed. All the Jsutices concur, except Beck, J., absent, and Hill, J., not presiding.*

Atkinson, J., concurs in this decision because concluded by former decisions. See special concurrence in *Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842.