3478.   ATLANTIC COAST LINE RAILROAD CO. *v.*

CHEEKS, administratrix.

The court erred in not compelling the plaintiff to state her case more definitely, in response to the special demurrer.

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Richmond county—Judge W. F. Eve. May 25, 1911.

The action was for damages on account of the homicide of Joseph Cheeks. The original petition alleged, that on May 2, 1910, trains operated by the defendant company ran over and killed Cheeks about one and a half miles east of Beach Island station in the State of South Carolina; that the homicide was caused entirely by the negligence of the defendant company, its agents and servants, and without any fault or negligence on the part of the deceased; that at the time of his death he was 35 years of age, was earning $2 per day, and had a life-expectancy of 31 years, and, as a consequence, the plaintiff was damaged in the sum of $10,000. The plaintiff sued as administratrix of the decedent's estate, and for the benefit of herself and her minor children, as his widow and children respectively, basing the suit on certain statutes of South Carolina, which were set out. It was alleged that she had been appointed as administratrix by the ordinary of Richmond county, Georgia, and that the defendant was a corporation chartered under the laws of the State of Virginia, having an office and place of business in said county, and operating a line of railroad in the State of South Carolina. The original demurrer was on the following grounds: (1) The petition sets out no cause of action. (2) The petition is vague and indefinite, and does not set out facts sufficient to show that the plaintiff has a cause of action under the statutes referred to. (3) The allegation of negligence is a conclusion of the pleader, without a statement of any facts sufficient to show that the defendant was guilty of negligence, and without showing whether the deceased was a passenger, employee, licensee, or trespasser, or the circumstances of his injury, so as to show the measure of duty owed him by the defendant, and whether it performed or failed in performing its duty in the premises. (4) The plaintiff, as administratrix, appointed under the laws of Georgia, has no cause of action under the South Carolina statute, for a homicide alleged to have been committed in South Carolina by the defendant, a corporation not chartered by the laws of Georgia, but incorporated under the laws of Virginia.

By amendment the following paragraphs were added to the petition: (11) The said Joseph Cheeks, in a state of helplessness or unconsciousness, was seated on the railroad track of defendant at a point on said track where he was seen, or could have been seen, by the engineer or fireman of the train of the said railway com-

pany, for a distance of a quarter of a mile, more or less, and the said railway company could have avoided the injury to said Cheeks by the exercise of ordinary diligence, and their running over and upon him and killing him, under the circumstances set forth, was negligence. (12) The failure of the defendant company, upon seeing the said Cheeks seated upon the said railroad, in a state either of helplessness or unconsciousness, to have gone to his assistance was negligence. (13) The said railway company, by the exercise of reasonable diligence on its part, could have discovered the said Cheeks in time to have prevented the killing of the said Cheeks, who was in a state of apparent helplessness, and the failure to have seen the said Cheeks, who was seated on the railroad track, in full view of the engineer of the said train and the fireman of said train if the said engineer and fireman had kept a reasonable lookout, was negligence on the part of the defendant. (14) The defendant was negligent in having ejected from its train the said Cheeks in a helpless condition, leaving him by the side of the railway track, and knowing that another train on said railway would be passing over the place where he was ejected, and knowing of his helpless condition, and of the peril of leaving him in that condition, and making no effort to avoid the consequence of their act by any special acts of precaution was negligence on the part of the said railway company. To the petition as amended the defendant renewed its demurrer, and further demurred as follows: (1) To paragraphs 11, 12, and 13, because the plaintiff fails to allege what right Joseph Cheeks had to be upon the track, and what legal duty the defendant owed him, and how the engineer knew that he was helpless or unconscious, and why the engineer could not assume that if he was on the track a quarter of a mile from the engine, he could see the engine as easily as the engineer could see him, and get off the track; also because the negligence complained of was not the proximate cause of the injury; also because the plaintiff fails to say whether the said Cheeks was actually unconscious, or was conscious and yet helpless. (2) To paragraph 14, upon the same grounds, and particularly because it is not alleged how the defendant was negligent in having ejected Cheeks from the train, and when and where the ejectment took place. The allegation is that Cheeks was left on the side of the railroad track. Defendant demurs because it is not alleged whether he was left on

the side of the track at a station, or at a place not a station, and, if at a station, what station; also because it is not alleged how he was ejected, and why, and what duty was upon the company when leaving him in a helpless condition,—whether there is a duty upon the company to provide nurses and employ them to stay with persons who get on its trains' and are ejected in a helpless condition; also because it is not. alleged what was Cheeks's condition when he got on the train and when he was ejected; also because the negligence complained of was not the proximate cause of the injury.

*William K. Miller,* for plaintiff in error.

*T. F. Harrison, C. Henry & R. S. Cohen,* contra.

POWELL, J. The nice questions ably argued by counsel for the respective sides can not be intelligently passed on by the court, because the allegations of the petition are too indefinite to present these questions clearly. There was a special demurrer, demanding greater certainty, and the court overruled it, and exception is duly taken. We think it best to leave the question of ultimate liability open till the petition is made more specific. To aid the court in the further conduct of the case, let us say that if the decedent was a plain trespasser on the defendant's tracks no liability exists unless the petition is made to show, by its allegations of fact, and not by mere statements of conclusions, that the engineer acted with wantonness or wilfulness. This is the rule in the State where the case arose, as well as in this State. If the plaintiff relies on prior negligence of the defendant in putting the decedent on its tracks, the full circumstances as to this should be disclosed. The 3d ground of the original demurrer was well taken, so far as it called for the facts showing whether the decedent was a passenger, employee, licensee, or trespasser, and showing what duty the defendant owed him, and the facts from which that duty arose. Likewise, paragraph 1 of the demurrer to the petition as amended should have been sustained, so far as it calls for further information, and so far as it points out the ambiguity of allegation as to whether the decedent was actually unconscious, or merely helpless though not unconscious. Paragraph 2 of this second demurrer should have been sustained, so far as it points out deficiency of allegation as to how or wherein the defendant was negligent in ejecting the decedent, and as to where the ejection occurred, and wherein

the ejection at that place was improper.  Let these points be brought
out with clearness, and then the court can say whether a cause of
action is set forth.

*Judgment reversed.*