## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* PRIOR.

1. A plaintiff may set out a cause of action in separate counts, so as to meet the possible phases of the evidence. Where the cause of action is single, and an element of the plaintiff's case is the defendant's knowledge of a particular fact, allegation of actual and implied knowledge of such fact should not be made in one count, and the defect may be taken advantage of by special demurrer.

2. The statute (Civil Code (1910), § 4424) gives to a widow, for the wrongful homicide of her husband, a right of action to recover the full value of his life. Proof that the decedent was the sole support of the widow and her children is irrelevant, and the allowance of such evidence is harmful error.

3. It is declared in the Civil Code, § 2781, that no person shall recover damages from a railroad company for an injury caused by the injured person's own negligence; and in a suit for a negligent homicide the failure to charge this principle is error.

4. It was error to fail to charge, in this case, that if the plaintiff's husband could have avoided the consequences to himself caused by the defendant's negligence, if the defendant was negligent as alleged, the plaintiff could not recover.

OCTOBER 1, 1914.

Action for damages. Before Judge Frank Park. Laurens superior court. June 9, 1913.

*H. W. Johnson,* for plaintiff in error.

*Hall & Roberts* and *Guerry & Son,* contra.

EVANS, P. J. The widow of Robert Prior sued the railroad company to recover damages for his alleged wrongful death. It was alleged, that the decedent was using a footpath that ran alongside the edge of the railroad track, commonly used by the public for many years, with the knowledge and assent of the railroad company, when he was suddenly seized with cramp, to which he was at times subject, and which rendered him helpless and unconscious; and that in this condition he was forced to stop, and in doing so became seated on the end of a cross-tie, with his face in his hands, where he was struck and killed by a passenger-train of the defendant. The petition was three times amended. In both the petition and the amendments it was alleged conjunctively that the defendant's agents in charge of the engine saw the decedent in his perilous condition, and made no effort to stop the train; and also that, in view of certain allegations, the defendant owed a duty to discover the presence of the decedent on the track, and that the defendant's agents could have discovered his presence on the track in his perilous condition, in the exercise of ordinary care. The defendant

specially demurred to the petition as amended, on the ground that its allegations were conflicting and ambiguous, inasmuch as the petition charged the defendant's agents with actual knowledge, and also with implied notice of the decedent's presence on the track. The demurrer was overruled, and a verdict was rendered for the plaintiff.

1. Certainty of statement is one of the great aims of pleading; and this can not be attained if the plaintiff in the same count be permitted to base his case upon inconsistent allegations. A defendant is entitled to be informed of the facts upon which the plaintiff bases his action. Where the cause of action arises out of a single transaction, the details of the transaction should not be alleged so as to be contradictory. A plaintiff can not always anticipate what the testimony in a case may develop, and to meet the possible phases of the evidence he may state his cause of action in separate counts. *Gainesville &c. Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983). The defendant was entitled to know whether the plaintiff was relying on actual or constructive knowledge of the presence of the deceased on the track, and could raise the point of ambiguity by special demurrer.

2. The statute gives to a widow a right of action for the wrongful homicide of her husband, and allows a recovery of the full value of his life. Civil Code (1910), § 4424. In such an action the plaintiff is not called upon to prove the number of her children and their and her dependency upon the deceased for a support, either in establishing her right to recover or in the assessment of damages. It was therefore error for the court to allow, over timely objection, evidence that the decedent had a family of four children, that the family had no other means of support except by his labor, and that the decedent provided a comfortable support for them. Such evidence could only have a harmful effect on the defendant, and was improperly allowed.

3, 4. The court entirely omitted to instruct the jury upon the two substantial defenses of the defendant. The jury were not told that the plaintiff would not be entitled to recover if it appeared from the evidence that the homicide of her husband was caused by his failure to exercise ordinary care and diligence for his own safety. Civil Code (1910), § 2781. Neither did the court instruct them, according to the Civil Code (1910), § 4426, that if the

plaintiff's husband could have avoided the consequences to himself caused by the defendant's negligence, if the defendant was negligent, the plaintiff can not recover. These principles of law were vital to the defendant, and yet the court made no reference to them. "The verdict can never be a legal verdict unless instructions on the law of the case be given by him who presides for that purpose. The omission to cover the case substantially must always set it aside." *Central Railroad* v. *Harris,* 76 *Ga.* 501, 510.

On account of these substantial errors the case must be remanded for another trial, and for that reason we forbear a discussion as to the sufficiency of the evidence to authorize the verdict rendered.    *Judgment reversed. All the Justices concur.*

LUMPKIN, J. · I concur in the judgment of reversal in this case, but do not concur in all that is said in regard to the demurrer. The allegations on the subject of whether the defendant's agents actually saw the person who was killed on the track, or whether they ought to have seen him in the use of ordinary care, were not stated in the alternative, but each fact was affirmatively alleged, making such allegations cumulative. Whether or not upon a demurrer properly raising that question the plaintiff should have been required to make these allegations in separate counts, or to make an election in regard to them, the demurrer on the ground that the allegations were conflicting, uncertain, and ambiguous did not raise that distinct question, and it was not error to overrule it.

ATKINSON, · J., concurs in the result, but is of the opinion that the allegations of the original petition and amendments, taken as a whole, amounted to charging that the defendant's agents actually saw the person who was upon the track, and that the allegation that they could have seen or should have seen was mere surplusage.