## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* MORELAND.

ATKINSON, J. 1. In a suit for damages against a railroad company the petition alleged that the plaintiff had been damaged by the defendant in the sum of $1,000, on account of facts "hereinafter stated." It then proceeded to set forth damages resulting, first, from a wrongful diversion of water, thereby causing it to flow upon plaintiff's land; and second from fire alleged to have been set out and communicated to plaintiff's land by means of sparks emitted from an engine on defendant's railroad. Relatively to the first claim for damages, the petition as amended described the land and the manner in which the defendant had caused the water to be diverted and to flow upon it. Other allegations were that the effect of the diversion was to cause the water "to run over the strip of land aforesaid and flow into and over the said land and flood the ditches and drains on petitioner's said land, and cause the water to permeate said land and render the same unfit for cultivation; in fact almost destroyed six acres of petitioner's said land last year for farming purposes, and will extend to other lands of petitioner as the overflow continues from year to year and the nuisance is continued;" and also, "that prior to said flooding and overflowing of petitioner's said land it was very valuable for farming purposes; that the year previous to said turning the water on, as aforesaid, petitioner gathered thirty-nine bushels of corn per acre off of said land; and that said land is not worth anything for this purpose, and petitioner has been damaged in the sum of six hundred dollars on this account for said year of 1912." *Held*, that the averments as to damages are subject to demurrer on the ground that they are "indefinite and insufficient, in that it does not appear whether the plaintiff is seeking to recover" damages for the year 1912 or for permanent damages to the land.

2. Relatively to the second claim for damages, the petition as amended alleged that on a named date the defendant's engine emitted "cinders, sparks, and live coals and set fire to the grass and other combustible material on the right of way of said defendant and Georgia Talc Company's property, which was communicated to the land of petitioner" and burned a certain levee and hedge, thereby causing special damage amounting to $200. Another allegation was that "plaintiff is unable to state the engine of defendant which burned said levee and hedge." *Held*, that this part of the petition does not plainly and distinctly set forth the ground of complaint in such manner as to put the defendant on notice of what engine it is claimed emitted the sparks, so that it might

be prepared to show, if it could, that any emission of sparks was not due to negligence in the equipment and operation of the engine. Under the circumstances it was erroneous to overrule a ground of special demurrer which complained that the petition failed to allege "at what time of day the fire occurred."

3. Other grounds of demurrer were met by amendment.

4. As the judgment of the trial court is reversed on account of errors in ruling upon questions raised by demurrer, we will not deal with the assignments of error based on the grounds of the motion for new trial which complain of matters that may not occur on another trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
MAY 12, 1915.

Action for damages. Before Judge Fite. Murray superior court. February 10, 1914.

*D. W. Blair* and *C. N. King,* for plaintiff in error.
*W. C. Martin* and *W. E. Mann,* contra.