GIRVIN *v.* GEORGIA VENEER & PACKAGE COMPANY; *et vice versa.*

BECK, J. 1. Having held, when this case was before the Supreme Court on a former occasion, that the allegations of the petition showed a cause of action, and evidence having been introduced on the trial which would have authorized the jury to find that the material and essential allegations of the petition had been sustained, the court should not have taken the case from the consideration of the jury by granting a nonsuit.

2. It being inferable from the evidence as to the exclamation made by the

decedent, "Oh, my God; I didn't want to go out there!" that it was made immediately after receiving the painful and fatal injuries and under circumstances which excluded all idea of device or afterthought, it should have been admitted in evidence as a part of the res gestæ, and as tending to illustrate the material question as to whether he voluntarily left the place in the mill at which he was engaged and went to work at the place where he received his injuries.

3. While of slight materiality, evidence as to the way in which the youth was dressed was not entirely immaterial and irrelevant, as it might be considered by the jury on the question as to whether the superintendent, the alter ego of the defendant company, was put on notice of the youth of the deceased.

4. An allegation of certain material facts as true "to the best of the plaintiff's knowledge and belief" is not a proper allegation in common-law pleading; and the special demurrer criticising the paragraph containing this allegation should have been sustained.

5. The allegations contained in the amendment offered at the trial, which attempt to set forth with greater particularity the circumstances leading up to and resulting in the injuries which resulted in the death of the plaintiff's son, are in certain material respects contradictory of the allegations as to the way and manner in which the injuries were inflicted as stated in the original petition; and while these allegations might have been properly set forth in another count, they can not be appropriately incorporated by amendment in the original petition, as, for the reason just stated, they render the pleadings uncertain and duplicitous; and it was error to allow the amendment over objections duly made by the defendant.

6. Except as to the grounds of demurrer dealt with in the last two headnotes, and which relate to assignments of error contained in the cross-bill of exceptions, the special demurrers were properly overruled.

*Judgment reversed on both bills of exceptions. All the Justices concur, except Atkinson, J., disqualified.*

JULY 21, 1915.

Action for damages. Before Judge Conyers. Glynn superior court. June 25, 1914.

*H. F. Dunwody, F. H. Harris,* and *D. W. Krauss,* for plaintiff.
*Bennet, Twitty & Reese, A. J. Crovatt,* and *Ryals & Anderson,* for defendant.