8099, 8100. LOUISVILLE AND NASHVILLE RAILROAD COMPANY v. SHELTON; and *vice versa*.

GEORGE, J. 1. In a suit for damages against a railroad company for the negligent homicide of plaintiff's husband, the petition as originally filed alleged that "the defendant railroad company failed to comply with section 2675 of the Civil Code, in that, while running its fast *north-bound mail-train* past the said Red crossing at the time of the injury complained of, it failed to have its engineer begin to blow his whistle four hundred yards from the public-road crossing, and to continue to blow the same until reaching the crossing, and in that the said engineer failed to check the speed of said train," etc. By amend-

ment it was alleged that "said defendant company failed to comply with section 2675 of the Civil Code, in that, while running its *south-bound freight-train* past and over said public-road crossing at the time of the injury complained of, it failed to have its engineer to blow his whistle," etc. The paragraph in the original petition, describing the train, which is alleged to have frightened the horse driven by the plaintiff's husband, was not withdrawn by the amendment. The amendment can not be treated as a separate count. *Held:* The petition was subject to special demurrer, in that it is indefinite, uncertain, and contradictory, and did not inform the defendant with reasonable certainty which of its trains was alleged to have frightened the horse. The defendant was entitled to know, with reasonable certainty, the theory upon which the plaintiff relied for a recovery. *Central of Ga. Ry. Co.* v. *Prior,* 142 *Ga.* 536 (83 S. E. 117); *Girvin* v. *Ga. Veneer &c. Co.,* 143 *Ga.* 762 (5) (85 S. E. 922). The decision in *Sims* v. *Western & Atlantic Railroad Co.,* 111 *Ga.* 820 (2) (35 S. E. 696), was criticized in *Central Railway Co.* v. *Weathers,* 120 *Ga.* 475, 479 (47 S. E. 956). Compare *L. & N. R. Co.* v. *Moreland,* 143 *Ga.* 414 (85 S. E. 341).

2. The remaining grounds of demurrer are without merit. As the judgment of the trial court is reversed on account of the error in ruling upon the question raised by the demurrer, we will not deal with assignments of error relating to matters that may not recur on another trial.

3. The trial court did not err in refusing to dismiss the motion for a new trial filed by the plaintiff in error in the main bill of exceptions.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 18, 1917.

Action for damages; from Murray superior court—Judge Fite. February 16, 1916.

*Tye, Peeples & Tye, D. W. Blair, C. N. King,* for plaintiff in error. *W. W. Sampler,* contra.