11427.   HINES, director-general, *et al.* *v.* FOWLSTOWN TOBACCO CO. *et al.*

LUKE, J.   1. Where a petition against a railroad company in an action for the killing of live stock alleges substantially that on or about a certain date, between the eighty-fourth and eighty-fifth mile post of the defendant's railroad, in a designated county, defendant, by the running of its trains, cars, and locomotives, killed a described animal belonging to the plaintiff, and that the killing was the result of negligence and carelessness on the part of the defendant, its officers, agents, and employees, the   defendant could not admit the allegations of the

petition and escape liability, and the petition was good as against a general demurrer. *Central of Georgia Ry. Co.* v. *Weathers,* 120 *Ga.* 475(1) (47 S. E. 956).

2. A failure to allege " by what train, cars, and locomotives the injury complained of was inflicted " is not ground for demurrer. *Seaboard Air-Line Ry.* v. *Peeples,* 9 *Ga. App.* 477(2) (71 S. E. 758); *Sims* v. *Western & Atlantic R. Co.,* 111 *Ga.* 820(2) (35 S. E. 696).

3 The ground of demurrer that the petition "did not allege with sufficient certainty in what way or manner the defendant was negligent, and failed to allege what specific acts of the defendant, its officers, agents, and employees resulted in the injury complained of," was good and, in the absence of appropriate amendment, the demurrer should have been sustained and the petition dismissed for failing to set out any specific acts of negligence. *Macon, Dublin & Savannah R. Co.* v. *Stewart,* 120 *Ga.* 890(1) (48 S. E. 354); *Southern Ry. Co.* v. *Buchan,* 137 *Ga.,* 105 (72 S. E. 896), and citations.

4. It follows that the court erred in overruling the grounds 4, 6, 8, 10 and 12 of the special demurrer, and that the other grounds of demurrer are without merit.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 25, 1921.

Action for damages; from city court of Bainbridge — Judge Spooner. March 22, 1920.

*T. S. Hawes,* for plaintiffs in error.

*M. E. O'Neal, J. C. Haile,* contra.