*J. Wightman Bowden,* for plaintiff in error.
*Slaton & Hopkins, E. B. Lovell,* contra.

21795. SOUTHERN RAILWAY COMPANY *v.* ROLLINS, guardian.

BELL, J. 1. The allegation in the seventh paragraph of the petition, that "petitioner is informed and believes that the deceased was first struck" by a certain southbound train of the defendant company, was subject to special demurrer upon the ground that it stated only the plaintiff's information and belief and did not allege an issuable fact. The court,

therefore, erred in not sustaining the demurrer and striking this allegation, in the absence of a proper amendment to cure the defect.

(a) The imperfection in the allegation as to the first train which struck the decedent necessarily entered into and affected the averments as to the negligence of the employees operating this train, rendering the same too vague and uncertain as a charge of negligence against the defendant. See, in this connection, *Charleston & Western Carolina R. Co.* v. *Augusta Stockyard Co.*, 115 *Ga.* 70, 77 (41 S. E. 598); *Girvin* v. *Georgia Veneer Co.*, 143 *Ga.* 762 (4) (85 S. E. 922).

2. The allegations that "the last time [the decedent] was seen was at about 10 p. m. on the night of September 20," when he was traveling upon a certain road approaching a public crossing, and that "the next time he was seen was when he was found dead upon the tracks of the defendant company" at about 8 o'clock on the following morning, show affirmatively that the averments as to the decedent's conduct and condition in the meantime were based upon mere conjecture and for this reason should not be considered as allegations of fact. It follows that the petition was subject to special demurrer upon the ground that it contained no clear and distinct allegation from which the court or the defendant could know or ascertain just what duty, if any, was claimed to have been breached by the defendant and its employees with respect to the decedent. *Rome Railway & Light Co.* v. *Keel*, 3 *Ga. App.* 769 (60 S. E. 468); *Patton* v. *State*, 117 *Ga.* 230 (5) (43 S. E. 533); *Riley* v. *Wrightsville & Tennille R. Co.*, 133 *Ga.* 413, 420 (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208); *Holland* v. *Sparks*, 92 *Ga.* 753 (18 S. E. 990); *Perry* v. *Macon Street R. Co.*, 101 *Ga.* 400, 407 (29 S. E. 304); *Cedartown Cotton Co.* v. *Miles*, 2 *Ga. App.* 79 (58 S. E. 289); Civil Code (1910), § 5538.

3. Since the above rulings will require material amendments to the plaintiff's petition in order for it to withstand certain special grounds of demurrer, and since the petition if amended may present an entirely different complexion, this court, under the particular facts, will not pass upon the general demurrer nor upon the remaining special grounds of demurrer at this time. Cf. *Atlantic Coast Line R. Co.* v. *Cheeks*, 10 *Ga. App.* 411 (73 S. E. 545).

4. The present case is unlike the case of *Western & Atlantic R. Co.* v. *Davis*, 21 *Ga. App.* 461 (94 S. E. 660). The petition in that case alleged that the presence of the deceased on the track was actually known to the engineer and fireman, and did not contain the indefinite and defective allegations pointed out above. As to the necessity of averring what train or trains may have killed the decedent, see *Sims* v. *Western & Atlantic R. Co.*, 111 *Ga.* 820 (35 S. E. 696); *Central of Georgia Ry. Co.* v. *Weathers*, 120 *Ga.* 475, 479 (47 S. E. 956); *Seaboard Air-Line Railway* v. *Peeples*, 9 *Ga. App.* 477 (71 S. E. 758); *Louisville & Nashville R. Co.* v. *Shelton*, 20 *Ga. App.* 295 (93 S. E. 41); *Hines* v. *Fowlstown Tobacco Co.*, 26 *Ga. App.* 162 (105 S. E. 728).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided May 11, 1932.

*Maddox & Sapp, O. R. Hardin, Maddox, Matthews & Owens,* for plaintiff in error.

*R. Carter Pittman, J. A. McFarland,* contra.