26048. KISER *v.* POLLARD, receiver.

DECIDED APRIL 10, 1937.

*Maddox & Griffin,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

BROYLES, C. J. The original petition alleges, in substance, that a train of the defendant company was standing on its tracks across the sidewalk in the City of Rome, and had been so blocking the crossing for a period of approximately four minutes when the plaintiff attempted to walk around in front of the engine, a distance of about ten feet north of the sidewalk, and just as he started to step across the nearest rail, "said engine all at once was quickly and suddenly started, and as it jumped forward struck your petitioner knocking down and injuring him," for which injury the suit was brought. By amendment the plaintiff alleged that the train was traveling and failed to stop at the crossing; that the engineer made no effort "to stop said engine and train before the same struck said plaintiff; . . that it was the duty of said engineer . . to exercise due care in approaching said crossing and crossing the same, . . and it was the duty of said engineer to have had his engine under such control that he could bring it to a stop, if necessary, in order to avoid injury to the plaintiff; . . that said fireman made no effort to have said engineer stop said engine before it hit petitioner; . . that it was negligence on the part of defendant's said agents and employees in failing . . to have had his engine and train under such control that he could have brought it to a stop in order to avoid injuring petitioner."

The defendant demurred to the amendment, and to the petition as amended, on the ground "that the averments of said amendment are inconsistent with the original petition, and set forth an entirely different cause of action; that as thus amended said petition is uncertain and equivocal, in that in the original petition it is claimed that the train was standing on and blocking the crossing and started suddenly, injuring petitioner; while under the amendment it is alleged that the train was moving over the crossing and was not stopped in time to avoid striking the plaintiff; and that said different causes of action can not be set out in one count." The judge passed the following order: "Plaintiff insisting upon the petition as amended, the within demurrer is sustained and. the petition dismissed." On this ruling the plaintiff assigns error.

The original petition plainly alleged that the train was standing on and blocking the crossing, and started suddenly, injuring the plaintiff; while the amendment alleged that the train was moving over the crossing and was not stopped in time to avoid injuring the plaintiff. The amendment was not made a separate count; and therefore the averments of the petition as amended are inconsistent and contradictory, and the court did not err in sustaining the special demurrer interposed. "Certainty of statement is one of the great aims of pleading; and this can not be attained if the plaintiff in the same count be permitted to base his case upon inconsistent allegations. A defendant is entitled to be informed of the facts upon which the plaintiff bases his action. Where the cause of action arises out of a single transaction, the details of the transaction should not be alleged so as to be contradictory" *Central of Ga. Ry. Co.* v. *Prior,* 142 *Ga.* 536 (83 S. E. 117); *Girvin* v. *Georgia Veneer & Package Co.,* 143 *Ga.* 762 (5) (85 S. E. 922); *Colquitt* v. *Georgia Railway & Power Co.,* 146 *Ga.* 249 (91 S. E. 70); *Pitts* v. *Smith,* 108 *Ga.* 37 (33 S. E. 814); *Seifert* v. *Sheppard,* 111 *Ga.* 814 (35 S. E. 673); *L. & N. R. Co.* v. *Shelton,* 20 *Ga. App.* 295 (93 S. E. 41), and cit.; *Miller* v. *Southern Ry. Co.,* 21 *Ga. App.* 367 (5) (94 S. E. 619).

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*