26564, 26565. JONES *v.* HALL; and *vice versa.*

DECIDED MARCH 11, 1938.

*Jones, Powers & Williams, W. A. Wooten, Pollard Turman,* for plaintiff.

*James A. Branch, Sidney Smith,* for defendant.

STEPHENS, P. J. 1. Where a person engaged in the business of selling mules causes to be led, from an enclosure in which the mules are kept, two of the mules with halters on, for the purpose of exhibiting them to a prospective customer on the premises of the seller, and where, after the mules have been so led out for inspection, another mule which has been left in the enclosure, dashes through the gates which lead from the enclosure into the place where the prospective customer is, which gates have been left open by the servants of the seller after the haltered mules have been led

through the gates, and where the mule which dashes through the gates passes within a few feet of the customer, who is endeavoring to get out of the way of the mule, and the customer falls and is injured, the inference is authorized that the seller, through his servants, is guilty of negligence as respects the prospective customer in thus leaving the gates open and thus allowing the loose mule to dash through the gates and imperil the safety of the customer.

2. In a suit by the wife of the customer, against the mule dealer, for the purpose of recovering damages for the death of her husband, alleged to have been caused by the injuries received by him as a result of the alleged negligence of the defendant in failing to exercise ordinary care to keep his premises safe for people lawfully coming thereon, and in negligently leaving open the gates and permitting the mule to get out of the enclosure and cause the injury to the plaintiff's husband, the evidence was sufficient to authorize a verdict for the plaintiff, and the court erred in granting a nonsuit.

3. A statement made by the defendant, some time after the injury, to the son of the plaintiff's husband, in which the defendant told the son to tell his father that the defendant was carrying protection, meaning insurance, and "would see what he [the defendant] could do," was not a statement tending in any way as an admission by the defendant of liability, but was in the nature only of an offer to compromise, and such evidence was properly excluded.

4. The paragraph of the petition in which it was alleged that the mule, whose conduct it was alleged was the cause of the injury to the plaintiff's husband, either ran against the swinging gates and threw them open, causing one of the gates to strike the plaintiff's husband and knock him to the floor, or that the mule dashed through the gates in the direction of the plaintiff's husband, and the plaintiff's husband, in an effort to get out of the mule's way and prevent being run into and injured, tripped over a cane that the plaintiff's husband was using and fell to the floor, and that either the blow from the gate or the fall to the floor fractured the patella of the right knee of the plaintiff's husband and caused the injuries, was subject to demurrer on the ground that the allegations were indefinite and uncertain and contradictory. The plaintiff should be required to allege whether she is claiming and seek-

ing to rely upon the allegation that the mule ran against the gate and caused the gate to strike her husband and knock him down, or whether she is claiming that her husband, in attempting to get out of the way of the mule, tripped and fell.

The court erred in granting a nonsuit, and in overruling the defendant's demurrer to a paragraph of the petition.

*Judgment reversed on both bills of exceptions. Felton, J., concurs. Sutton, J., dissents from the judgment on the main bill, and concurs in the judgment on the cross-bill.*