30909.   FRAZIER *v.* SOUTHERN RAILWAY COMPANY.

DECIDED SEPTEMBER 25, 1945.   REHEARING DENIED OCTOBER 16, 1945.

*Thomas G. Lewis, Winfield P. Jones,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) "If a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not liable." *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322); *Henderson* v. *Nolting &c. Co.,* 184 .*Ga.* 724, 733 (193 S. E. 347, 114 A. L. R. 1022). It is settled as to railroad companies that they are liable for the torts of their employees when such torts are committed in connection *with the business entrusted to them and spring from*

*and grow immediately out of such business.* *Central Railroad* v. *Gleason,* 69 *Ga.* 200; *Gasway* v. *Atlanta & West Point R. Co.,* 58 *Ga.* 216. "The test by which to determine whether the master is liable for the tortious act of his servant is not whether it was done during the existence of the employment, that is to say, during the time covered by the employment, but whether it was done in the prosecution of the master's business." Thompson's Commentaries on the Law of Negligence, Vol. 1, § 526. "A railroad company is not liable in damages for a homicide committed by an employee, where the homicide was not committed in the prosecution of the business . . and within the scope of his employment, but was his personal act in resenting a real or fancied insult." *Louisville & Nashville R. Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S. E. 30). "The alleged act of the railway company's employee on its switch-engine, in striking and knocking from the engine to the track his subordinate, who was run over by the engine and killed, did not, under the allegations of the petition, give cause of action against the company. To render the employer liable in such a case, it must clearly appear not only that the act was done in the prosecution of the employer's business, but also that it was within the scope of the doer's employment and was not prompted solely or primarily by malice." *Central of Ga. Ry. Co.* v. *Stephens,* 20 *Ga. App.* 546 (93 S. E. 175).

In the instant case there was no allegation in the amended petition that the act of Young in assaulting the plaintiff was committed in the prosecution of his master's business or that said act was within the scope of Young's employment. In the absence of such an allegation, the facts set forth in the petition (the petition being construed most strongly against the plaintiff) fail to show a cause of action, and the court did not err in dismissing the petition on general demurrer. The cases cited in behalf of the plaintiff in error are distinguished by their facts from this case.

*Judgment affirmed.* *MacIntyre and Gardner, JJ., concur.*