33145. SEABOARD AIR-LINE RAILROAD CO. *v.*
STODDARD, administratrix.

Decided December 5, 1950.

744

*Anderson, Connerat, Dunn & Hunter, B. B. Cubbedge,* for plaintiff in error.

*Gazan, Walsh & Bernstein, Julian Hartridge,* contra.

WORRILL, J. ■ The defendant demurred generally to the petition on the ground that no cause of action was set forth against the defendant; and also on the ground that the facts alleged in paragraph 6 show upon their face that the plaintiff has no knowledge of the origin of the fire, or from what source the fluid was expelled, or what caused the same to escape from the tank or container, or what or who caused the accident, and thus the petition fails to set forth a cause of action against the defendant.

While we recognize the rule that on demurrer a plaintiff's petition will be construed most strongly against him and that if there is any inference which may reasonably be drawn from the petition against his right to recover such inference will prevail; and that a demurrer admits only well-pleaded facts and not conclusions, and while we also recognize that the Federal Employers' Liability Act does not create liability on the part of the railroad without fault (Jamison *v.* Encarnacion, 281 U. S. 635, 640, 641 (50 Sup. Ct. 440, 74 L. ed. 1082), nevertheless, we think that the petition as amended, set forth a cause of action good as against a general demurrer. Much is made by the plaintiff in error of the fact that the plaintiff pleads in her petition that because of the failure or refusal of the defendant's agents to divulge the exact cause of the inflammable fluid escaping from the tank which resulted in the fire which killed her husband that she cannot allege such cause and that therefore her petition shows that she is unable to prove negligence on the part of the defendant, and that the necessity that she allege negligence under the act is not met by her petition. Putting aside for the moment any consideration of the allegations of subparagraphs (a), (b) and (c) of paragraph 7, and of the special demurrer attacking them, let us examine the allegations of the petition as a whole respecting the manner in which the injury and death occurred. The plaintiff sets out in considera-

able detail a description of the place in which the deceased was working, that he was engaged in work in the furtherance of interstate commerce thus bringing him within the Federal Employers' Liability Act, and that while he was thus engaged in the performance of his duties and without any contributory negligence on his part he was suddenly enveloped in flames resulting from kerosene or some other inflammable liquid being ejected from a tank or hose connected therewith and thrown into or on the stove over which deceased was working, and that he died as a result of that occurrence. We think that these facts which are plainly alleged in the petition are sufficient to raise an inference of negligence on the part of the defendant in failing to maintain some part of the equipment of its shop in a reasonably safe condition or in furnishing the deceased with a reasonably safe place in which to work, and sufficient to bring the plaintiff within the purview of the Federal Employers' Liability Act. It is not necessary that the plaintiff set forth in explicit detail wherein or how such defect existed or contributed to the injury, but she would seem to be relieved of this requirement when she alleges in paragraph 6 that despite diligent efforts on her part she has been unable to ascertain the exact cause of the fire.

Certainly, it is a most unusual, out of the ordinary and unexpected thing for a workman to be burned or, as alleged in the petition here, "cooked" alive while performing his ordinary duties for an employer, and we think that the petition sufficiently alleges that the deceased met his death as the result of the employer's negligence. While there is no presumption of negligence against the railroad, it would be a most curious anomaly to hold that where because of the concealment of the employer, or from some other cause, the plaintiff could not obtain the facts, she could not proceed to assert her rights against the defendant. Furthermore, the important fact in this case is not what caused the fluid to escape from the tank or hose or nozzle, but that it did so, and that the plaintiff's husband was injured and died as a result of the fire that ensued, and, where as here, after alleging the fact of the occurrence, the petition alleges that the death of the petitioner's husband was caused by an instrumentality of the defendant under its man-

agement and control and as a result of the negligence of the defendant, such allegations, we think, are sufficient to raise an inference of a breach of duty on the part of the defendant and of legal liability to the plaintiff. For these reasons the petition was not subject to the general demurrer and the trial court did not err in overruling it. See *Miller* v. *Ben H. Fletcher Co.*, 142 *Ga.* 668 (5) (83 S. E. 521).

■ The first ground of special demurrer attacks the last sentence of paragraph 6 of the petition, as amended, and the allegation that whatever condition or event resulted in the fire and fatal burning of the petitioner's husband was not in any wise caused or contributed to by any act of the deceased who, at the time he received his injuries, was where he had a right to be and in the discharge of his duties, on the ground that it is a conclusion of the pleader not borne out by other allegations in said paragraph and should be stricken. This ground of demurrer is without merit. The allegation that the deceased was without fault is an allegation of fact (*Charleston & Western Carolina Ry. Co.* v. *Lyons*, 5 *Ga. App.* 668 (2), 673, 63 S. E. 862), and this rule is not changed by the fact that elsewhere in the petition the plaintiff alleges that she does not know exactly the facts which contributed to cause the fire which resulted in the death of her husband.

■ The second ground of special demurrer is as follows: "Defendant demurs specially to the allegations contained in said petition as amended as a whole and particularly to the allegation contained in paragraph 7 of the petition as amended which alleges that the burns inflicted upon petitioner's late husband and his death were due solely and entirely to the negligence of the defendant, its agents, servants and employees, upon the ground that said allegation is a conclusion of the pleader, is contradictory, vague, indefinite, when considered together with other allegations in said paragraph and in said petition, and said allegation should therefore be stricken from the petition." Granting that the allegation so attacked is a conclusion of the pleader, we think that in this regard it is properly pleaded. "Legal results arising from the facts alleged may be pleaded in general terms or in the form of a legal conclusion." *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (1) (58

S. E. 524). This view is strengthened, we think, by what is said in the first division of this opinion regarding the general demurrer. As to the contention that such allegation is contradictory, vague, and indefinite when considered in connection with the other allegations of the paragraph and of the petition, the demurrer fails to point out wherein or how such allegations are so defective, and it is not apparent to us that they are. A special demurrer must put its finger on the exact point of weakness. A demurrer being a critic must itself be free from imperfections. *Southern States Portland Cement Co.* v. *Helms,* supra, p. 314, 315.

■ The third, fourth and fifth grounds of special demurrer attack the allegations of the amendment to the petition relating to the violation of Rule 47 of the agreement between the union and the company upon the ground that it seeks to add a new cause of action not set forth in the original petition; that it injects into the case a violation of a written contract as the basis of the cause of action and that this results in a misjoinder of causes of action in tort and contract, seeks to join in one action a cause of action arising under Federal statutes, and a cause of action arising under the common law and the statutes of the State of Georgia and further upon the ground that the rule is in conflict with the Federal Employers' Liability Act.

We think that the third objection raised by special demurrer is well taken, and that the court erred in refusing to strike these allegations of the petition. An action under the Federal Employers' Liability Act is an exclusive remedy for a party who, by reason of his employment or injury in his employment is entitled to the benefits of the act and for this reason these allegations respecting Rule 47 should have been stricken from the petition.

■ Grounds 10, 11 and 12 of the demurrer attack.the allegations of paragraph 7 of the petition as amended, on the ground that the allegations of subparagraphs (a), (b) and (c) are mere conclusions of the pleader not borne out by the other facts pleaded, that the allegations are in the alternative, are vague, indefinite, contradictory, and do not put the defendant upon sufficient notice as to what it is called upon to defend; and that subparagraph (b) attempts to add a new cause of action not

set forth in the original petition insofar as it complains of the action of a fellow servant. We think that the demurrer attacking these allegations as contradictory and not borne out by the other facts pleaded, should have been sustained. The allegations of these subdivisions are clearly contradictory and inconsistent with each other. If the injury occurred as a result of any one of these conditions or actions so alleged, it clearly did not result at the same time from one or both of the other situations alleged, and if it occurred in one of these three ways and the plaintiff chooses to allege that it did, she should not allege in the same count that because of her inability to ascertain the facts she cannot allege them. As was said in *Central of Georgia Ry. Co.* v. *Prior,* 142 *Ga.* 536, 537 (83 S. E. 117): "Certainty of statement is one of the great aims of pleading; and this can not be attained if the plaintiff in the same count be permitted to base his case upon inconsistent allegations. A defendant is entitled to be informed of the facts upon which the plaintiff bases his action. Where the cause of action arises out of a single transaction, the details of the transaction should not be alleged so as to be contradictory. A plaintiff can not always anticipate what the testimony in a case may develop, and to meet the possible phases of the evidence he may state his cause of action in separate counts." It is clear that no attempt is made by the amendment to set up separate and distinct counts. For these reasons the allegations of paragraph 7 and of the petition as a whole were subject to attack by special demurrer on this ground, and the trial court erred in overruling the ground of the demurrer pointing out this defect and in failing to require the plaintiff to strike these inconsistent and contradictory allegations or to set them up in separate and distinct counts. *L. & N. R. Co.* v. *Shelton,* 20 *Ga. App.* 295 (1) (93 S. E. 41); *Miller* v. *Southern Ry. Co.,* 21 *Ga. App.* 367 (5a) (94 S. E. 619); *Kiser* v. *Pollard,* 55 *Ga. App.* 697 (191 S. E. 179); *Jones* v. *Hall,* 57 *Ga. App.* 477, 478 (4) (195 S. E. 879); *Girvin* v. *Georgia Veneer & Package Co.,* 143 *Ga.* 762 (5) (85 S. E. 922).

■ The final special demurrer attacks the allegations of paragraph 7 as amended relating to the deceased's being in the exercise of ordinary care and not having anticipated the danger and his inability to avoid its consequences, on the ground that the

allegations relating thereto are conclusions of the pleader and not borne out by the other facts pleaded in the paragraph and in the petition as a whole. This demurrer is without merit. It does not point out wherein such allegations are conclusions and not borne out by the facts pleaded, and it is not plain that such criticism is well founded.

The judgment is affirmed upon condition that within ten days from the receipt of the remittitur in the trial court the plaintiff amend her petition so as to remove therefrom the contradictory and inconsistent allegations as pointed out in division 5 of this opinion, and the irrelevant allegations as pointed out in division 4.

*Judgment affirmed on condition. Sutton, C.J., and Felton, J., concur.*