### 36882. RIVERS *et al. v.* MATHEWS.

QUILLIAN, J. 1. The petition alleges that the publication upon which the cause is based was made by an employee of either a named person, partnership, or corporation. The alternative allegation that such person was the employee of one of the legal entities mentioned is not an affirmative averment that he was the employee of any of them. *Jones* v. *Hall*, 57 *Ga. App.* 477, 478 (4) (195 S. E. 879); *Groover* v. *Savannah Bank & Trust Co.*, 186 *Ga.* 476, 478 (198 S. E. 217); *Overton* v. *Alford*, 210 *Ga.* 780 (82 S. E. 2d 836). In the cases cited the manner in which the cause of action accrued alleged in the alternative was held insufficient. In this case the allegation as to who is liable for the commission of an alleged tort is in the alternative. The principle in the cases cited and the case at bar is the same.

2. The petition which seeks to charge the defendants with liability for the act of a servant respondent, contains no allegation that the servant was acting within the scope of his employment or in the prosecution of his employer's business, and did not show that the nature of the employee's service was such that his authority to perform the act on behalf of his employer could be legitimately inferred. For this reason the petition failed to show any liability on the part of either of the defendants for the conduct of the employee. Code § 105-108; *Laughlin* v. *Bon Air Hotel*, 85 *Ga. App.* 43 (2) (68 S. E. 2d 186); *Frazier* v. *Southern Ry. Co.*, 73 *Ga. App.* 58 (35 S. E. 2d 525); *Tate* v. *Atlantic Ice & Coal Corp.*, 25 *Ga. App.* 797 (1, 2) (104 S. E. 913).

3. In the cases of *Ozborn* v. *Woolworth*, 106 *Ga.* 459 (32 S. E. 581) and *Southern Railway Co.* v. *Chambers*, 126 *Ga.* 404 (55 S. E. 37, 7 L. R. A. (NS) 926) it is held that the doctrine of respondeat superior is not applicable to actions for slander, though where the defamatory words are spoken in pursuance to a mutual design of the parties, one may become liable for slander published by another. *Lanham* v. *Keys*, 31 *Ga. App.* 635 (121 S. E. 856). No allegations bringing this case within the latter rule are contained in the petition.

4. For the reasons assigned in the third headnote no cause for slander was set out in the petition, and for the reasons assigned in headnotes 1 and 2 no right of recovery for slander or invasion of privacy was set forth.

5. In view of the conclusions expressed in the preceding paragraphs it is unnecessary to pass upon whether the publication of the words alleged in the petition was actionable slander or an invasion of the plaintiff's privacy.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED OCTOBER 22, 1957.

*Graydon D. Reddick, Wright & Reddick,* for plaintiffs in error.

Henry W. Mathews filed an action for damages against James S. Rivers and Southeastern Broadcasting System, Inc., the action being in two counts.

Count 1 sought damages for an alleged libel against the plaintiff by the defendants and count 2 sought damages for alleged unlawful invasion of privacy.

Subsequent to the filing of the defensive pleadings, and prior to January 14, 1955, the judge heard oral argument of counsel for the plaintiff and for the defendants as to the sufficiency of each count of the petition as to each of the defendants, as the sufficiency of the petition was challenged by the general demurrers; but no ruling, order or judgment was entered in the matter.

On January 14, 1955, the plaintiff made identical amendments to counts 1 and 2 of the original petition by adding an additional paragraph to each. The amendments were allowed instanter.

On July 12, 1957, after hearing argument of counsel for both parties on the renewal of the defendant's demurrers to the petitions, and each count thereof, the judge overruled each of the demurrers on each and every ground.

The portion of the petition necessary to a clear understanding of the case read: "WMJM is a radio station in said county, but its said trade name nor its owners are registered, as required by law in the records of the office of the clerk of this court; James S. Rivers is a resident of said county, and from information and belief, plaintiff alleges he is the individual owner and operator of said radio station, or is a partner with his wife in the ownership and management of said corporation, and he is also President of Southeastern Broadcasting System, Inc., which is incorporated in and has its principal place of doing business

and office in said county, and which corporation is also named defendant herein, because of the circumstances hereinabove alleged, plaintiff not being able to determine by what maneuver or method said defendant Rivers or he and his partner operate said station, which they do either in their own name or as said corporation, which corporation they own as principal stockholders and officers and are its principal officers; on or about July 8, 1954, an employee at said station negligently read to a wide listening audience a card, which was calculated to expose plaintiff to public ridicule, contempt, disgrace, contumely, hatred and detriment, and also further calculated and did in a way that cannot be proven by plaintiff, but is clearly a consequence thereof, injure plaintiff in all said respects and especially in his capacity as a contractor requiring the trust and confidence of all members of the public for whom he has contracted in the past and with whom he may contract in the future; said, card follows: 'Hello announcer. Please play for Henry Mathews and his two women friends Mary Stanley and Clara Mae Childers Better Be down on your knees praying, don't disappoint me Radio Pal.' Said contents of said libel and slander so read to said public on a regular radio program contained a clear innuendo that plaintiff was having illicit relations with said 'women friends', plaintiff then being a married man, and same was especially aggravated by the fact one of the ladies named, Mrs. Childers, is the widow of plaintiff's dead brother and is the mother of plaintiff's partner as of said date; that there was no cause for said employee or any employees of defendants to read said card over the air waves on said station and its program, and defendants owed the public, including the plaintiff, a duty not to read such matter at said time or any other matter of similar import; and defendants should pay plaintiff punitive damages, therefore, in the sum of $5,000; that defendants have damaged plaintiff by such libel and slander in a large sum, which in the nature of the matter cannot be accurately determined, but defendant should pay plaintiff for actual damages in the sum of $10,000 or other large sum."

"All of the paragraphs contained in the preceding count 1 are herein included and alleged by this express reference; that under this count, plaintiff is suing for the unlawful invasion of his

privacy, and in this connection, shows that he had not given said radio station nor its owners permission to read said card nor to mention his name, and that the matter therein contained and narrated about was not an item of news properly of interest to the public."

To the judgment overruling the general demurrers the defendant excepted and the case is here for review.