## WEST v. INMAN.

1. The owner of a building who has provided fire-escapes in accordance with the provisions of § 3151 of the code, and who has rented certain stories above the second story in said building to firms engaged in legitimate manufacturing business, is not bound to exercise supervision over the portions of the building rented, so as to insure that the passages or entrances to the fire-escapes are at all times kept open.

(a) Nor is such owner liable in damages to an employee in said building, working on a floor above the second floor, who suffered injuries from fire in consequence of obstructions placed in the passageway to the fire-escape by a tenant who had rented that portion of the building around and about the fire-escape.

2. The allegation that "defendant negligently failed to provide in said building . . ample means of extinguishing fire" was open to attack by special demurrer which criticised the allegation on the ground that it was a mere conclusion of the pleader, and which called for more specific information as to what means of extinguishing fires were ample and should have been provided.

MARCH 14, 1912.

Action for damages. Before Judge Pendleton. Fulton superior court. May 30, 1911.

*James L. Key,* for plaintiff.

*Payne, Little & Jones,* for defendant.

BECK, J.   Ada West brought suit to recover damages for personal injuries alleged to have been received in consequence of having inhaled smoke and fumes from a fire in a building of which the defendant was the owner, and in which she was at work on the third story as an employee of a manufacturing company occupying a part of said third story as tenant.   It was alleged: that another tenant of the owner of the building occupied the second story and that portion of the third story which was "around and included the entrance to the fire-escape of said building;" that "there were two means of ingress and egress provided for said building and for said place at which petitioner was at work, to wit:   one a stairway inside of said building; and the other a fire-escape stairway on the outside of said building.   Said fire-escape could be reached only through one window or door on said third story, and through a space which was occupied by the Silverman-Lonsberg Company, as aforesaid.   That on the day aforesaid, a fire broke out in said building, on the second story thereof, and in the place occupied by the Silverman-Lonsberg Company.   That from said fire issued vast volumes of smoke, heated air, and fire, which penetrated and filled the entire third floor of said building where petitioner was at work. That said fire and smoke and hot air cut off the stairway of said building entirely, and it was impossible to flee from said building by the stairway inside of said building.   That the only means of escape left was the fire-escape on the outside of said building.   That the fire-escape on said building was completely cut off and obstructed from access and use by petitioner, by boxes, goods, merchandise, and other material, which were piled up against the door and window leading to said fire-escape, and made access to said fire-escape absolutely impossible."   General and special demurrers were filed, and to an order sustaining them the plaintiff excepted.

1.   If the plaintiff is entitled to recover in this case, it is in consequence of a violation of the statutory provisions contained in § 3151 of the code.   At common law, the failure to provide fire-escapes on the part of the owner of a building, not particularly exposed to danger from fire from the character of the work being carried on in it, did not render the owner liable in damages to an employee of the tenant who might receive injuries incurred in

consequence of such failure. Yall v. Snow, 201 Mo. 511 (100 S. W. 1, 10 L. R. A. (N. S.) 177, and cases cited in note, 119 Am. St. R. 781). So that the liability of the owner in the present case, if any exists, is entirely statutory, and depends upon the construction of the code section (§ 3151), which reads as follows: "Owners of every building more than two stories in height, not including the basement, used in the third 'or higher stories, in whole or in part, as factory or workshop, shall provide more than one way of egress from each story of said building, above the second story, by stairways on the inside or outside of said building, and such stairways shall be, as nearly as may be practicable, at opposite ends of each story, and so constructed that, in case of fire, the ground can be readily reached from the third and higher stories. Stairways on the outside of said building shall have suitable railed landings at each story above the first, and shall connect with each of said stories by doors or windows opening outwardly, and such doors, windows, and landings shall be kept at all times clear of obstructions. All the main doors of such buildings, both inside and outside, shall open outwardly, and each story shall be amply supplied with means for extinguishing fires." We are clear that under the express provisions of this statute it is the duty of the owner of a building of the character of the buildings referred to in the statute to provide fire-escapes in accordance with the provisions of this statute; and that in case of injury to an occupant of a building, resulting directly from said failure, on account of a fire in the building which necessitated the use of the fire-escapes, there would be a corresponding liability on the owner. And we are equally clear that where the owner of a building has properly equipped it with fire-escapes in accordance with law, and has rented any of the stories above the second story to tenants who have leased the same for legitimate manufacturing purposes, the owner is under no obligation to exercise any supervision over the conduct of his tenants in the use of the particular floor which he may have rented to any one of them. Where there is an outside stairway erected as a fire-escape, it is of course contemplated that the entrance to the building from the landing at each story shall in some way be closed at such hours as the building or some particular story is unoccupied; as at night, for instance, when the men and women working in the building have left and gone home. At such times, the opening

by a window or by a door from the landing of the outside stair-
case or fire-escape would be closed in most instances, unless the
business conducted therein is of such magnitude as to require or
justify the employment and presence of a special watchman. In
all such cases would it be the duty of the owner of the building
to go upon the premises which he had rented to some one else, and
see that his tenant had unlocked the door or unfastened the window
shutter so that there could be free access to the landing of the fire
escape? We apprehend that before a statute passed in derogation
of the common law could be given a construction which would place
upon the owner of buildings duties so onerous, the language of the
statute itself imposing the duties should be express and unequivo-
cal. The allegations of the petition show that a portion of the third
story, on which the plaintiff was at work, had been rented to a
named tenant, "which said portion of the third story was around
and included the entrance to the fire-escape of said building; . .
that the fire-escape on said building was completely cut off and
obstructed from access and use by petitioner by boxes, goods, mer-
chandise, and other material, which were piled up against the door
and window leading to said fire-escape, and made access to said
fire-escape absolutely impossible; . . that the defendant, in
violation of petitioner's legal right, obstructed the passage of said
fire-escape, and permitted the same to be obstructed, so that peti-
tioner could not reach the same and escape." The allegations last
quoted are to be construed as meaning, not that the owner him-
self, in person or by his agents, had piled up boxes, goods, etc.,
so as to obstruct the passage to the fire-escape, but that the tenant,
who during the period of his tenancy had the right to use and con-
trol the floor about the passage that led to the fire escape, had ob-
structed the passage. And this is the construction put upon this
allegation in the brief of counsel for plaintiff in error. That being
the case, under what we have said above, so much of the plaintiff's
petition as sought a recovery on the ground that the owner was
liable because of the obstruction of the passage leading to the
fire-escape was demurrable, and the court did not err in so hold-
ing.

2. In another paragraph of the petition it is alleged: "Defend-
ant negligently failed to provide in said building and on the floors
thereof, and particularly on the second floor where said fire broke

out, ample means of extinguishing fires. That said fire was finally extinguished by the fire department of the City of Atlanta, and that petitioner was finally rescued from said burning building by the fire department of the City of Atlanta." This paragraph was specially demurred to on the ground, among others, that "the allegation that the defendant negligently failed to provide in said building and on the floors thereof, and particularly on the second floor, where said fire broke out, ample means of extinguishing fires, constitutes a conclusion of the pleader, and is not predicated upon any facts to substantiate the same; . . and that it does not appear what means of extinguishing fires, if any, said defendant should have furnished, nor what constitutes ample means of extinguishing fires." The court sustained this special demurrer, but allowed the plaintiff twenty days within which to file amendments. No amendments were filed. We are of the opinion that the special demurrer pointed out specifically existing defects in the paragraph of the petition referred to, and that the plaintiff was allowed a reasonable time within which to amend the same; and she having failed to amend within the time so allowed, this part of her petition was stricken therefrom, which left the case to stand upon the allegations complaining of the failure upon the part of the owner of the building to keep the passage or entrance to the fire-escape free from obstructions. And as that part of the case last referred to, under the ruling made above, was properly stricken on general demurrer, the entire case, without reference to certain other grounds of special demurrer, stood dismissed, as it should have stood under this decision. *Judgment affirmed. All the Justices concur.*