11608. MEDLOCK *v.* McADOO, director-general, *et al.*

LUKE, J. 1. It does not appear "that counsel for the plaintiff did not have a sufficient opportunity to prepare any necessary amendment after knowledge that the demurrer had been filed and before it was brought to the attention of the court and insisted upon in argument; and hence this court cannot say that the trial judge abused the discretion vested in him or infringed upon the rights of the plaintiff in declining to allow further time in which to prepare such amendment."

(*a*) "Aside from the ruling above, it does not appear, from any recital in the bill of exceptions, that the trial court knew, from any oral or written presentation thereof at the time, what precise amendments were proposed; and hence it would be impossible for this court to determine whether such amendments would have so far removed the defects in the original declaration, pointed out by the demurrer, as finally to set forth a cause of action." *Thomas* v. *Chattanooga Ry. & Light Co.*, 21 *Ga. App.* 172 (2 *a, b*) (94 S. E. 50), and authorities there cited.

2. The court did not err in sustaining each and every one of the special grounds of demurrer insisted upon and in thereafter dismissing the petition.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., disqualified.*

DECIDED DECEMBER 17, 1920.

Action for damages; from Fulton superior court — Judge Pendleton.  May 7, 1920.

While employed in a railroad yard as a watchman or special officer, and while walking across tracks at night in the darkness of the unlighted yard, for the purpose of inspecting cars, the plaintiff, according to the allegations of his petition, was struck and injured by a car which had been "kicked" by a switch-engine. The case came to this court on exceptions to the sustaining of a demurrer and the dismissal of the petition, and to the refusal of the court to allow further time for amendment of the petition.

The action was against the Western & Atlantic Railroad Company and the Federal director-general of railroads.  In the first count it was alleged that the plaintiff and the defendant were engaged in interstate commerce, and that the suit was brought under the employer's liability act of Congress approved April 22, 1908, and the amendments thereto (U. S. Comp. St. §§ 8657-8865) ; that the injury occurred near the City of Atlanta in the State of Georgia, that the car that struck the plaintiff was loaded with freight for a point in the State of Tennessee, and that the train which was being made up on the track where he was struck was a train that carried freight from Atlanta to Nashville, Tennessee.  The second count was substantially the same as the first except that there was no reference to interstate commerce or the act of Congress.  It was alleged, that the plaintiff, when injured, was about 50 yards east of an overhead bridge; that where the bridge crossed the railroad there was a long track known as the "lead track," from which other tracks branched, the purpose of the lead track being "to shove cuts of cars in on the other tracks in making up trains thereon, and, as each car or cut of cars was shoved by the engine from the lead track onto one of the tracks which ran out from it, a switchman was supposed to ride said cut of cars which were detached from the engine as the same was kicked or shoved upon said branch track, as aforesaid;" that when struck by the engine the plaintiff was inspecting the cars and was passing through the yards "as was his duty;" that between him and the switch-engine a number of cars were standing on the tracks, and he could not see the engine and could not see "onto which of said tracks" it was kicking and shoving cars. In paragraph 9 of each count it was alleged that no light was

placed on the car that struck him, and no brakeman or other person was upon the car to control its speed and give warning of its approach; he was not warned of its approach, and at this point the yard was unlighted and very dark, and it was extremely difficult to see.

Negligence was alleged in each count as follows: (Paragraph 14) Defendant was negligent in running said car over plaintiff. (15) Said car had been negligently pushed and kicked by the switch-engine and turned in upon the track; it was going through the yards without any person on it; it was negligently allowed to go through the yard without any light upon it; it was negligence on the part of the defendant's crew, in switching the car, to kick and shove it as aforesaid, especially through a dark, unlighted yard and without any lights or person on it. (16) The defendant failed to furnish the plaintiff a safe place at which to work, and negligently failed to adopt any proper rules for the regulation and switching of cars in its yard; the defendant was negligent in failing to light the yard and in allowing the car to run through the yard with no light and no person thereon. By amendment of paragraph 9 it was alleged that the presence of a brakeman and light upon the car was required in the exercise of ordinary care by the defendant, and also by the customs and practices of the defendant, prevailing in the defendant's yard at that time and place, said customs and practices being known to and relied on by plaintiff.

Except as to " paragraph 3 of the demurrer, and paragraph 11 of the demurrer, not insisted upon, " " all the grounds of demurrer " as amended were sustained. Paragraph 3 of the demurrer objected to allegations of paragraph 9 of the petition, as to absence of light on the car, or of any person to control it and give warning of its approach, the demurrant contending that there was no legal obligation to the plaintiff to place a light or a person on the car to give such warning. Paragraph 11 of the demurrer (not insisted upon) related to allegations as to spinal injury. The allegation that " a switchman was supposed to ride said cut of cars, " etc., was demurred to, on the ground that it was " immaterial and irrelevant, and defendants are not to be bound by a hypothesis. " The words " as was his duty " were demurred to, as stating a conclusion. The general allegation

of negligence, in paragraph 14, was demurred to as being a conclusion, and as being too general. The allegation in paragraph 15, as to negligence in pushing and kicking the car, was demurred to on the ground that "the particular acts of negligence should be averred, and not a conclusion made by the pleader." The additional allegations in paragraph 15, as to negligence in not having a light or a person on the car, etc., were demurred to, on the ground that it did not appear that the defendant was under any legal obligation to the plaintiff to have a person or light on the car. The allegation in paragraph 16, as to failure to furnish a safe place at which to work, was demurred to on the grounds that "the particular facts should be averred, showing how and wherein a safe place was not furnished," and that a mere conclusion was stated. The allegation in paragraph 16 as to failure to adopt proper rules was demurred to on the grounds that it was a mere conclusion, and that "the proper rules to be adopted should be averred, and how and wherein defendants failed to make proper rules." The allegation in paragraph 16 as to absence of a light or person on the car was demurred to, on the grounds that it was a mere conclusion and that, in the work in which the petition showed the plaintiff was engaged, the defendants were under no obligation to him "to do the things complained of." The allegation in the first count, that the plaintiff and the defendant were engaged in interstate commerce, was demurred to, on the ground that "the particular facts should be averred showing the character and description of the work done by plaintiff, as well as the particular work being engaged in by defendants at the time plaintiff received his injuries." The allegation in the amendment, as to custom and practice, was demurred to, on the ground that the allegation "is too vague, general, and indefinite, and is unsupported by any special allegation of fact as to what said custom and practices were, how long they had existed, or how long they had been known to plaintiff;" and that "said customs and practices could not excuse plaintiff from exercising ordinary care for his own safety in an unlighted railroad yard in which he was an employee as a special officer or watchman."

*Reuben R. Arnold, Walter A. Sims,* for plaintiff.

*Tye, Peeples & Tye,* for defendants.