33789. ORKIN EXTERMINATING CO. *v.* WINGATE *et al.*

DECIDED OCTOBER 18, 1951.

*Martin, Snow & Grant,* for plaintiff in error.

*Bell & Bell, Hall & Bloch, Denmark Groover Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is contended by the plaintiff in error that since the courts are required to take notice of primary physical laws (*Rome Railway & Light Co.* v. *Keel,* 3 *Ga. App.* 769 (2) 60 S. E. 468), and since reference to the Encyclopoedia would reveal that the combustion point of hydrogen and air is 1058 degrees, a temperature which could not be supposed to be present on the outside surface of a chimney, this court should hold as a matter of law that under the facts alleged in the petition it would have been impossible for a fire to have been started in the attic of the plaintiff's house, and that therefore the petition fails to set out a cause of action. Without deciding whether under proper circumstances these facts might be a subject for judicial notice (see, in this regard, *Central of Georgia Ry. Co.* v. *Lawley,* 33 *Ga. App.* 375

(3), 126 S. E. 273), it is obvious that in this case a multitude of facts not alleged in the petition, and which would constitute evidentiary material (such as the nature of the gas used by the defendant, the construction and location of the chimney, etc.) would need to be known before it could be determined absolutely whether the spraying of the gas in question on the surface as alleged could, under any circumstances, set off a conflagration. It is alleged as a fact that the chimney was in the attic; that it was hot; that the defendant made use of a highly inflammable material; that he sprayed it around the chimney; that his act in so doing was negligent; that this negligent act caused a fire in the attic, and that that fire caused the destruction complained of. The petition thus sets out a breach of legal duty on the part of the defendant toward the plaintiff, and sets out a cause of action as against general demurrer. In *Carruthers* v. *City of Hawkinsville*, 42 *Ga. App.* 476 (5, 6) (156 S. E. 634), it was held that the petition set out a breach of legal duty in the operation of an electric light and water plant as a result of which the plant caught fire and burned to death the plaintiff's intestate, but that it failed to set forth the manner in which the fire originated and was defective in this respect. In *Seaboard Air-Line Ry. Co.* v. *Stoddard*, 82 *Ga. App.* 743 (62 S. E. 2d, 620), it was held that the petition set out a cause of action for the burning of the plaintiff's intestate in a fire, but that the petition was defective in thereafter alleging three contradictory methods in which the fire might have originated. The petition is not subject to either of these defects, it being alleged that the fire originated as a result of inflammable material being sprayed against a hot chimney. Where certain conduct is alleged to be negligent, and where such negligence is alleged to be the proximate cause of the injuries received, both propositions are jury questions if reasonable minds might disagree as to whether the conduct alleged amounts to negligence, and whether, if so, it was the proximate cause of injury. *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (2) (57 S. E. 2d, 18) ; *Macon Telegraph Pub. Co.* v. *Graden*, 79 *Ga. App.* 230 (53 S. E. 2d, 371) ; *Central of Ga. Ry. Co.* v. *Leonard*, 49 *Ga. App.* 649 (3) (176 S. E. 137). It was not error to overrule the general demurrer.

■ The four specifications of negligence of paragraph 17 of the petition are separately attacked by special demurrer as

conclusions, there being no allegations of fact in the petition to support the same. As to subparagraph (a) "negligently spraying an inflammable material around the hot chimney", there is an allegation of fact that the chimney was hot, that the material was inflammable, that it was sprayed around the chimney, and that this negligent act caused the fire. Accordingly, it is not subject to demurrer on this ground. However, allegations of negligence in subparagraphs (b), (c) and (d)— spraying an unnecessarily large amount of inflammable material around the hot chimney and failing to take proper precautions before spraying an inflammable material around the hot chimney and about the attic—are not supported by any allegations of fact as to what amount of the material could safely be sprayed and how much was in fact used, or as to what precautions would be proper in spraying the material either around the chimney or about the attic. In the absence of proper allegations of fact, these specifications of negligence constitute mere conclusions of the pleader, and are subject to attack by timely special demurrer. See *Atlantic Coast Line R. Co.* v. *Royal,* 84 *Ga. App.* 247 (65 S. E. 2d, 827); *West* v. *Inman,* 137 *Ga.* 822 (2) (74 S. E. 527); *Medlock* v. *McAdoo,* 26 *Ga. App.* 92 (105 S. E. 643).

The remaining special demurrers, not having been argued by counsel, are treated as abandoned.

The trial court did not err in overruling the general demurrer to the petition. It was error to overrule grounds 8, 9 and 10 of special demurrer.

*Judgment affirmed in part and reversed in part. MacIntyre, P.J. and Gardner, J. concur.*