37490. DELTA INSURANCE COMPANY *v.* WOOD *et al.*

DECIDED FEBRUARY 3, 1959.

*Dunaway, Embry & Shelfer, Wm. S. Shelfer,* for plaintiff in error.

*Marson G. Dunaway, Jr.,* contra.

FELTON, Chief Judge. One of the conditions of the policy was that the insured would "file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company." An extension was not alleged. The loss occurred on April 5, 1957. While immediate

notice of the loss was given to the insurer, as required by the policy, no proof of loss was ever filed or furnished. The plaintiffs on June 13, 1957, requested "Proof of Loss" forms from the insurer and even this request was more than sixty days after the loss. The policy did not require the insurer to furnish "Proof of Loss" forms. The policy went into detail on how proof of loss should be submitted, as follows: ". . . in the form of a sworn statement of the insured setting forth the interest of the insured and of all others in the property affected, any incumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor, and the description and amounts of all other insurance covering such property." This provision of the policy made it perfectly clear how a proof of loss should be submitted.

The policy further provided: "Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy." Thus, the filing of a proof of loss within the prescribed time was a condition precedent to the institution and maintenance of an action on the policy. See *Cooper v. Glens Falls Indem. Co.*, 93 *Ga. App.* 127 (91 S. E. 2d 120) and citations. No facts are alleged to show a waiver of the requirements for filing proof of loss and none is alleged to show that the insurer had refused payment or denied liability as would obviate the necessity of furnishing a proof of loss. No facts showing estoppel are alleged.

For the reasons stated above, the petition did not state a cause of action and the court erred in overruling the general demurrer thereto.

*Judgment reversed. Quillian and Nichols, JJ., concur.*