## 38643. EQUITABLE LIFE ASSURANCE SOCIETY v. HOLLINGSWORTH.

JORDAN, Judge. A stipulation in an insurance policy that, in order to entitle the beneficiary to recover thereunder, notice of death and proof of loss must be furnished the insurer at its home office within a certain specified time is valid, and compliance therewith is a condition precedent to the enforcement of the policy. *Hulme v. Mutual Benefit &c. Assn.*, 60 Ga. App. 65 (2 S. E. 2d 750). Where the plaintiff's right to recover on an insurance contract depends upon a condition precedent to be performed by him, the failure of his petition to allege the performance of such condition precedent, or allege a sufficient legal excuse for its nonperformance, renders said petition subject to general demurrer. *Delta Ins. Co. v. Wood*, 99 Ga. App. 58 (107 S. E. 2d 693). Thus, in an action on an insurance contract requiring the furnishing of notice of death within 20 days and proof of loss within 90 days of the death of the insured from accidental means to the home office of the insurer, the plaintiff in his petition must allege facts showing a compliance with such conditions or a legal excuse for failure to comply therewith in order to state a cause of action. It is not necessary, however, to show that the plaintiff personally transmitted said notice and proof to the insurer so long as the requisite notice and proof is alleged to have been given to the insurer. Nor is it necessary to set forth in the petition details of the notice and proof furnished the insurer, since such are evidential. *Union Central Life Ins. Co. v. Trundle*, 61 Ga. App. 110 (1) (5 S. E. 2d 675). Accordingly, since it is alleged in the instant petition as amended that the plaintiff's decedent accidentally fell from a hotel window on March 22, 1958, sustaining bodily injuries that resulted in his death one-half hour later and that such injuries were caused by external, violent and accidental means exclusive of all other causes within the meaning of the contract of insurance; that notice of the insured's death was executed by his employer on a form furnished by the insurer for that purpose, and forwarded to the insurer's home office on March 25, 1958, by the employer on behalf of the plaintiff; that a proof of death was executed by the plaintiff and the insured's employer on a form furnished by the insurer for that purpose

and forwarded to the insurer on June 9, 1958, by the employer on behalf of the plaintiff; and that a copy of the insured's death certificate which recited that the cause of his death was "massive head injuries" due to "trauma," which he sustained when he fell or jumped from a hotel window, was forwarded the insurer on June 9, 1958, the trial court did not err in overruling the demurrers of the defendant, general and special, which attacked the amended petition on the ground that the conditions precedent of the contract as to filing of notice of death and proof of loss had not been complied with. Whether or not the plaintiff has in fact complied with the provisions of the insurance contract as to the furnishing of notice and proof of death from accidental means within the terms of the contract is a matter to be determined on the trial of the case according to the evidence adduced therein.

*gment affirmed.* *Townsend, P.J., Carlisle and Frankum, JJ., concur.*

DECIDED APRIL 13, 1961.

*Alston, Sibley, Miller, Spann & Shackleford, Daniel B. Hodgson, Lloyd J. Whitaker,* for plaintiff in error.
*Ernest Bostick, Hewlett, Hewlett & Wall,* contra.