## 39572. HARRIS v. TOWNS et al.
## 39605. HARTFORD ACCIDENT & INDEMNITY COMPANY v. HARRIS.

CARLISLE, Presiding Judge. This was a suit by Walker C. Harris, doing business as Walker Harris Autos, against Jack B. Towns and Hartford Accident & Indemnity Co., said action being one on a "commercial blanket bond" issued by the defendant Hartford to Walker Harris Autos covering any loss of money

or other property which the insured might sustain through any fraudulent or dishonest act or acts committed by any of the employees of the insured. The petition alleged that Jack B. Towns was employed as manager of the plaintiff's business and that during a period covered by the bond he converted certain automobiles and other personal property of the value of $6,064.45 to his own use; that the defendant Hartford issued the bond sued on and that on June 9, 1961, petitioner "filed a claim" with the defendant in the aforesaid sum; that thereafter on September 1, 1961, petitioner filed a demand for payment under said bond and on September 7, 1961, the defendant Hartford denied the claim and that petitioner had made a demand on both defendants and both defendants have failed and refused to pay the sum of $6,064.45 to petitioner. Attached as exhibits to the petition were copies of the bond sued on, the claim filed by petitioner with the defendant, the demand for payment written by petitioner's attorney, and a letter dated September 7, 1961, written by the claims manager of the defendant Hartford denying the claim because they did not "find any proof of dishonesty on the part of Jack B. Towns," said letter containing the further language, "We have made numerous suggestions to Mr. Harris and his attorneys and are willing to work with Mr. Harris in any way to prove any loss that he has which would be covered under the above bond." One of the conditions of the bond as shown by the exhibit attached to the petition was as follows: "No action shall lie against the underwriter unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this bond, nor until 90 days after the required proofs of loss have been filed with the underwriter, nor at all unless commenced within two years from the date when the insured discovers the loss." Under the terms of the bond the insured was bound to give the company notice of the loss as soon as practicable and to file a detailed proof of loss, duly sworn to, with the underwriter within four months after the discovery of the loss.

The defendants filed general and special demurrers and Hartford filed what it denominated a plea in bar. When the matter came on for a hearing before the trial judge he sustained the general demurrer of Towns, overruled the general demurrer of Hartford and sustained three special demurrers without

affording the plaintiff an opportunity to amend, and sustained Hartford's plea in bar, dismissing the action as to Hartford also. Harris brought the case to this court by a direct bill of exceptions assigning error on the order and judgment of the court sustaining the defendant Hartford's special demurrers without affording him an opportunity to amend, and assigning error on the sustaining of Hartford's plea in bar on the ground that such order was contrary to the law of the case established by the judgment overruling Hartford's general demurrer and contending that the plea in bar should have been overruled as a matter of law. By cross-bill of exceptions Hartford assigns error on the overruling of its general demurrer.

1. Inasmuch as the main bill of exceptions contains no assignment of error with respect to the order and judgment sustaining the general demurrer and dismissing the case as to Jack Towns, no question is presented to this court respecting the sufficiency of the petition to state a cause of action against Towns.

2. While the petition alleges that the petitioner filed a claim with the defendant on or about June 9, 1961, it nowhere alleges, even by way of a general conclusion, that the insured had fully complied with all the conditions precedent to a recovery set forth in the bond. The mere allegation that the plaintiff had filed a claim with the defendant cannot be construed as an allegation that proof of loss was filed, since in connection with this allegation reference is made to an exhibit attached to the petition which exhibit appears to be a copy of a form listing the property allegedly converted by Towns but which form gives none of the details called for therein respecting the date insured first acquired knowledge of the loss, the manner in which the money was appropriated by the employee, the existence of other insurance covering the loss, and the "claim" blank is not even signed by the insured, much less sworn to. Consequently, this allegation and related exhibit, when construed most strongly against the pleader, does not show compliance with the condition precedent to recovery on the contract. Where as a condition precedent to the liability of an insurance company to the insured the insured is required to furnish proofs of loss or perform some other act or do some other thing and this is affirmatively shown by the petition and by the exhibits attached thereto, the petition must

allege either performance of such conditions precedent or a sufficient excuse for their nonperformance, and where the petition fails to allege either of these things it is subject to general demurrer. *Jackson v. Southern Mut. Life Ins. Co.*, 36 Ga. 429, 432; *Savannah Lighting Co. v. Fidelity &c. Co.*, 21 Ga. App. 758, 767 (95 SE 113); *Bank of Ball Ground v. National Surety Co.*, 23 Ga. App. 187 (97 SE 892); *Security Ins. Co. v. Jackson*, 43 Ga. App. 13 (1) (158 SE 457); *Jenkins v. Gordy*, 105 Ga. App. 255, 256 (124 SE2d 303).

3. Under the foregoing ruling, the trial court erred in overruling the general demurrer of Hartford to the petition, thus rendering all that followed thereafter nugatory. The court, nevertheless, thereafter sustained the plea in bar which raised substantially the same legal questions as those raised by the general demurrer and dismissed the petition, thus reaching a correct result. This latter order was tantamount to the sustaining of a general demurrer and it was within the discretion of the trial judge on sustaining the general demurrer as to whether he would allow the plaintiff an opportunity to amend. *Code Ann.* § 81-1001; *Thomas v. Chattanooga R. &c. Co.*, 21 Ga. App. 172 (2a) (94 SE 50); *Medlock v. McAdoo*, 26 Ga. App. 92 (1) (105 SE 643). The assignments of error on the main bill of exceptions do not show harmful or reversible error.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. Eberhardt and Russell, JJ., concur.*

DECIDED JUNE 28, 1962.

*Franklin B. Anderson, R. Beverly Irwin,* for Harris.
*Calhoun A. Long, Wotton, Long, Jones & Read,* for Towns et al.
*Eugene P. Chambers,* for Hartford.

