39850. SOUTH CAROLINA INSURANCE COMPANY
v. HUNNICUTT.

DECIDED FEBRUARY 1, 1963—
REHEARING DENIED FEBRUARY 20, 1963.

*Richardson, Jones & Doremus, Ogden Doremus, Williams & Smith, Felix Williams,* for plaintiff in error.

*Rountree & Rountree, W. E. Rountree,* contra.

FELTON, Chief Judge. ■ "Where the plaintiff's right to recover on an insurance contract depends upon a condition precedent to be performed by him, the failure of his petition to allege the performance of such condition precedent, or allege a sufficient legal excuse for its nonperformance, renders said petition subject to general demurrer. *Delta Ins. Co. v. Wood,* 99 Ga. App. 58 (107 SE2d 693)." *Equitable Life Assurance Society v. Hollingsworth,* 103 Ga. App. 505 (119 SE2d 725); *Harris v. Towns,* 106 Ga. App. 217 (3) (126 SE2d 718); *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311. Under the ruling in *Reserve Ins. Co.,* supra, the general law as to the legal consequence of an absolute refusal to pay within the time allowed for the filing of proofs of loss still remains of force despite the omission of such provision in the Insurance Code of 1960 (Ga. L. 1960, pp. 289, 670), now designated as *Code Ann.* § 56-2427.

Was there an absolute refusal by the insurer to pay? It is alleged that it denied liability on the policy on two separate occasions following the loss within the 91-day period in which proof of loss is required to be filed. The fact that there may have been sufficient doubt on the part of the defendant company as to its liability under the policy to prompt it to bring a declaratory judgment action to ascertain its liability would not prevent its refusals to pay, made prior to the filing of that action, from being absolute. The plaintiff could not have known that the defendant intended to file the declaratory judgment action, and even if he had known it he would have acted at his own

peril by awaiting the outcome of the action before making his demand, since the 91-day period would have expired. The refusals to pay were not merely conditional ones, based upon the plaintiff's failure to file proof of loss or upon the fact that a declaratory judgment action to determine the defendant's liability was pending. Under the allegations of the petition, which must be taken as true on demurrer, the defendant denied liability under the policy, which a jury could find amounted to an absolute refusal to pay sufficient to waive its requirement of filing of proofs of loss.

■ The special demurrer to the allegations of the defendant's acts of bad faith is without merit. The jury might find that the failure of the insurance company to pay within sixty days after the demand for payment, made after the final adjudication of liability of the company in its declaratory judgment action constituted bad faith. The contention of the plaintiff in error, that no final judgment in the declaratory judgment action was shown because of the failure of the defendant in error to allege that the remittitur from this court had been made the judgment of the trial court, is also without merit. Even omission to enter the remittitur on the minutes of the trial court does not alter or modify the legal effect of the judgment of affirmance. *Forrester v. Pullman Co.*, 66 Ga. App. 745 (3) (19 SE2d 330); *Harrison v. Harrison*, 208 Ga. 70 (3) (65 SE2d 173); *Bird v. Riggs*, 210 Ga. 297 (1) (79 SE2d 803).

■ One special demurrer is directed to the prayer in paragraph 43 of the petition, which allegedly claims attorney's fees for defending the declaratory judgment action. In the preceding paragraph, the plaintiff prays for "all reasonable attorney's fees for the prosecution of the case against the defendant," which we construe to mean the present suit. Even if the prayer be construed so as to include attorney's fees for defense of the declaratory judgment action, such damages could not be recovered, since *Code Ann.* § 56-1206 provides that an insurer whose refusal to pay has been found to have been in bad faith shall be liable to pay the holder of the policy ". . . all reasonable attorney's fees for the prosecution of the *case against the insurer*." (Emphasis supplied). The declaratory judgment action was not a

case against the insurer, but by the insurer, and it involved other parties in addition to the plaintiff and the defendant. This special demurrer is without merit.

The allegations were sufficient to state a cause of action for the damages sought; therefore the court did not err in its judgment overruling the demurrers to the petition.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*