39897. RESERVE INSURANCE COMPANY v. CAMPBELL.

DECIDED FEBRUARY 6, 1963.

312

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Benj. B. Blackburn, III,* for plaintiff in error.

*Eugene S. Taylor,* contra.

EBERHARDT, Judge. Did the failure to allege that proof of loss had been made, as required by the policy, render the petition subject to the general demurrer? "Proofs of loss are primarily intended for the purpose of securing an adjustment between the insured and the company (19 Cyc. 854), and it is in accordance with sound public policy that our law recognizes the right of insurance companies to make such requirements in their contracts. By the Civil Code (1910), § 2490,[2] this right on the part of the insurance companies to prescribe regulations as to notice and preliminary proof of loss is specifically allowed, and it is therein provided that such stipulations must be substantially complied with on the part of the insured, unless such compliance is waived by the insurer's absolute refusal to pay." *Moore v. Dixie Fire Ins. Co.,* 19 Ga. App. 800, 803 (92 SE 302). "Where the plaintiff's right to recover on the insurance contract depends upon a condition precedent to be performed by him, the failure of his petition to allege the performance of such condition precedent, or allege a sufficient legal excuse for its nonperformance, renders said petition subject to general demurrers. *Delta Ins. Co. v. Wood,* 99 Ga. App. 58 (107 SE2d 693)." *Equitable Life &c. Soc. v. Hollingsworth,* 103 Ga. App. 505 (119 SE2d 725); *Harris v. Towns,* 106 Ga. App. 217 (3) (126 SE2d 718).[3] Since

---

[2] Recognition of this right of the insurer is carried forward in the Insurance Code of 1960. See *Code Ann.* § 56-2427.

[3] The pertinent provisions of the policy here are: "When loss occurs, the insured shall . . . file proof of loss with the

there is no allegation that any proof of loss was filed with the company within sixty days after the loss, we must assume that it was not done. It is a well settled rule that pleadings must be construed in the light of their omissions as well as their averments. *Houston v. Pollard*, 217 Ga. 184 (121 SE2d 629) ; *Strother v. Kennedy*, 218 Ga. 180, 186 (127 SE2d 19). The real question with which we must deal then, is whether the allegations that "10. The actual amount of the loss to said automobile was $363.71. Under the terms of said insurance policy the defendant would be indebted to the plaintiff in the amount of $263.71. 11. Plaintiff has made demand of defendant for said amount, which defendant has arbitrarily refused to pay, making instead an offer to pay $173.01, or approximately $90.70 less than their actual liability" are sufficient to plead a waiver of the policy requirement as to the filing of a proof of loss.

Section 2490 of the Code of 1910, carried forward as § 56-831 in the Code of 1933, provided inter alia, that "Every insurer shall have a right to prescribe regulations as to notice and preliminary proof of loss, which shall be substantially complied with by the assured. . . An absolute refusal to pay shall waive a compliance with these preliminaries." This section was repealed by the Insurance Code of 1960. Ga. L. 1960, pp. 289, 754. Substituted therefor was what is now designated as *Code* § 56-2427, which provides that an insurer shall furnish to the insured forms on which to make proof of loss and that failure to do so shall constitute a waiver of the requirement. No reference is made in this substituted section, however, to an absolute refusal of the insurer to pay, or the effect thereof.

A well-settled principle is that the law will not require the

company within sixty days after the occurrence of the loss . . .", and "Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy." Thus, the language here raises a bar to the action unless compliance is had or in some manner waived. See *Harp v. Fireman's Fund Ins. Co.*, 130 Ga. 726, 728 (61 SE 704, 14 AC 299).

doing of a vain thing. Thus, if one to whom money is payable expressly declares that he will not accept it, no tender is required. *State Mutual Life Ins. Co. v. Forrest,* 19 Ga. App. 296 (6e) (91 SE 428). In harmony with this is the assertion in *Delta,* 99 Ga. App. 58, supra, and *Hollingsworth,* 103 Ga. App. 505, supra, that the plaintiff must allege performance of the condition precedent, *or allege a sufficient legal excuse* for nonperformance. There can be no doubt that an absolute refusal by the insurer to pay would constitute a sufficient legal excuse, for when that has been done the filing of a proof of loss would be a vain and useless thing.

Failure of an insurer to make a bona fide effort to settle a claim by offering in settlement a sum so small as to be out of proportion to the actual loss suffered may amount to an absolute refusal to pay, and whether the offer is so disproportionate as to become an absolute refusal is a jury question. *Great American Co-Operative Fire Assn. v. Jenkins,* 11 Ga. App. 784 (76 SE 159); *Moore v. Dixie Fire Ins. Co.,* 19 Ga. App. 800, supra; *Firemen's Ins. Co. v. Oliver,* 53 Ga. App. 638 (186 SE 706, conforming to 182 Ga. 212, 184 SE 858); *Firemen's Ins. Co. of N. J. v. Allmond,* 105 Ga. App. 763 (3) (125 SE2d 545). The disproportion should, of course, appear between the *actual* loss and the offer of settlement, for the insured may be just as unrealistic and unreasonable in his demand as the insurer may be in his offer, e.g., *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709).

But if the insured is to rely upon an absolute refusal to pay as a waiver of the requirement for filing a proof of loss within sixty days after the loss occurred, it must appear that the refusal to pay (or what amounted to a refusal to pay) occurred within the same period, for nothing short of an express waiver by the insurer can be effective after expiration of the time for performing the condition precedent, i.e., the filing of a proof of loss.

Again applying the rule that pleadings must be construed in the light of their omissions as well as their averments, we find in the petition no allegation that the offer of $173.01, now claimed to be so disproportionate to plaintiff's loss as to amount to an absolute refusal to pay, was made within sixty days after

the date of the loss.   Indeed it is not alleged when the offer was made, and construing the petition against the plaintiff, as we must, we conclude that it was made at some time after the expiration of the sixty-day period in which proof of loss should have been made.

For this reason the demurrer should have been sustained.

*Judgment reversed.   Felton, C. J., and Russell, J., concur.*