**Robert W. DANIELSON**

v.

**The INSURANCE COMPANY OF NORTH AMERICA et al.**

**Civ. A. No. 11956.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 31, 1969.

---

13. The motion was returnable on May 13, May 27, and June 10, 1969, and heard on June 24.

O. Jack Taylor, Jr., Greenville, S. C., for plaintiff.

Gambrell, Russell, Moye & Killorin, Swift, Currie, McGhee & Hiers, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for defendants.

## ORDER

**ALBERT J. HENDERSON,** District Judge.

Presently before the court is the question whether an insured, who, 45 days after damage to the insured airplane, receives a letter from his insurer explicitly denying coverage for the event for which payment is demanded and refusing to furnish proof of loss forms, can assert a policy provision barring suit until 30 days after proof of loss forms are filed with the insurer as rendering ambiguous or impossible a policy provision requiring that, if suit against the insurer is not filed within 12 months after the date of the crash, the insured is forever barred from bringing suit. Construing the questioned conditions in the light of the circumstances surrounding the case, including (1) the explicit refusal of coverage, and (2) the mandatory waiver of the proof of loss condition resulting therefrom, under Ga.Code Ann. § 56–2427 (1960), the court is of the opinion that the 12 month limitation condition remained effective after the waiver of the proof of loss condition, and that the policy thereby was not rendered ambiguous.

Plaintiff Danielson sought to recover from several defendants for the September 6, 1964, loss of his aircraft Aero Commander N–2680–B, near Atlanta, Georgia. The claim with which the court is presently concerned is against the Pacific Indemnity Company (hereinafter referred to as Pacific), the insurer for Danielson's lessee, Aircraft Charter, Inc., under Pacific's aircraft policy number AH–5–5251, issued June 18, 1964, to be effective until June 18, 1965.

Pacific moved for summary judgment, asserting that Danielson's claim was barred by his failure to file suit against it within 12 months after the loss. Danielson retorted that, because Pacific had refused to furnish proof of loss forms, thus mandatorily waiving, under Ga. Code Ann. § 56–2427 (1960), the condition that he not file suit until 30 days after filing proof of loss forms, it also had waived the condition barring plaintiff's suit unless filed within 12 months after the loss. While the court was not persuaded that the waiver of the proof of loss condition had the effect of *waiving* the 12 months limitation condition, it was concerned that the former condition might have rendered the latter ambiguous. Neither party had cited authority on the question, but, to the contrary, each party had considered his own conclusion to be quite clear. For this reason, the court determined that it would be unfair to decide the question without giving both sides an opportunity to speak on the issue, citing authorities. Accordingly, the court requested, and the parties provided, briefs on the question whether the two conditions were in conflict, thereby rendering the contract ambiguous. The case is now ready for decision.

Condition 9 of the instant policy provides as follows:

9. ACTION AGAINST COMPANY. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this

policy, nor until 30 days after the required proof of claim has been filed with the company.

In addition, Condition 17 provides:

17. PAYMENT FOR LOSS: ACTION AGAINST COMPANY. Payment for loss may not be required nor shall action lie against the company unless as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy nor until 30 days after proof of loss is filed and the amount of loss is determined as provided in this policy, nor at all unless commenced within 12 months after the happening of the loss.

It is undisputed that, upon written request by Danielson for payment of the amount of the loss, Pacific replied by letter, asserting that the pilot of the aircraft at the time of the accident did not have a current and valid medical certificate. In addition, it asserted that the aircraft had accumulated a total of 136.3 hours flying time since its last 100 hour inspection. Each of these facts was alleged to be a violation of the current Civil Air Regulations, and, accordingly, a violation of the terms of the policy. Finally, the letter stated, in pertinent part:

It appears that these exclusions are directly applicable to this claim. For this reason, and for other good and sufficient reasons, we must inform you on behalf of Aviation Insurance Managers, Inc. and Pacific Indemnity Company that no coverage is afforded you for either the physical damage sustained by the aircraft as a result of the accident, or for any liability claims which may be presented in connection with this accident.

Letter of November 20, 1964, of Dale L. Bonnett, Jr., Peter J. McBreen & Associates, Aviation Insurance Adjustors (with powers of a claims agency for Pacific Indemnity Company).

■ The waiver of a condition in an insurance contract for the completion of proof of loss forms is provided for in Georgia Code Ann. § 56–2427 (1960):

An insurer shall furnish, upon written request of any person claiming to have a loss under an insurance contract issued by such insurer, forms for proof of loss for completion by such person * * *. Failure or refusal to furnish such forms upon written request or written notice of a loss shall constitute waiver of the right of the insurer to require proof of loss.

Because a failure to furnish forms amounts to a waiver of the proof of loss requirement, an absolute refusal to pay also amounts to such a waiver. Reserve Insurance Co. v. Campbell, 107 Ga.App. 311, 313–314, 130 S.E.2d 236 (1963); South Carolina Insurance Co. v. Hunnicutt, 107 Ga.App. 366, 368, 130 S.E.2d 239 (1963). Therefore, it is clear that Pacific waived the proof of loss requirements. In addition, both Pacific and Danielson recognized that the proof of loss condition was waived.

The definition of the word "waive", as found in Webster's Third New International Dictionary (1969) is, in pertinent part: " * * * 3: to throw away * * * 6a: to relinquish voluntarily * * * b: to refrain from pressing or enforcing * * * 8: to dismiss * * *." Accordingly, in the context in which the condition is waived, the waiver was tantamount to a relinquishing, a discarding, and in effect, an erasing of the condition from the policy. Therefore, the 12 month requirement remained intact. That is, the elimination of the waived proof of loss condition from the policy leaves the 12 month provision standing alone, clear and unambiguous.

■■ Not only must words used in insurance contracts be given their usual and ordinary meaning, Ga.Code Ann. § 20–704(2) (1965); American Motorists Insurance Co. v. Vermont, 115 Ga.App. 663, 155 S.E.2d 675 (1967) (and cases therein cited); Nichols v. Ocean Accident & Guarantee Corp., 70 Ga.App. 169, 172, 27 S.E.2d 764 (1943); B. L. Ivey

Construction Co. v. Pilot Fire and Casualty Co., 295 F.Supp. 840, 847 (N.D. Ga. 1968) (construing Georgia law), but also such words must be considered in the light of the surrounding circumstances. Cherokee Brick Co. v. Ocean Accident and Guarantee Corp., 21 Ga.App. 702, 94 S.E. 1032 (1918); Float-Away Door Co. v. Continental Casualty Co., 372 F.2d 701, 710 (5th Cir. 1967). The most significant circumstance surrounding this waiver of the proof of loss condition is that the waiver was affected by an express refusal to provide coverage for the plaintiff's loss. The refusal was explicit and prompt, occurring within 45 days after the date of the loss. It is significant that the only case cited by plaintiff in either its initial brief in support of return to motion for summary judgment or its later brief in response to the order of this court, was Hartford Fire Insurance Co. v. Moore, 412 S.W.2d 860 (Ct.App.Ky. 1967). While it was true that the *Hartford* trial court had allowed the case to go to the jury on the theory that the insurer had waived its conditions, similar to those in this case, regarding proof of loss and 12 months period of limitation, the *Hartford* insurer had paid the lienholders on the fire damaged house within eight months after the fire. Further, the court stated that, despite a policy provision requiring the company to inform the claimant that it refused coverage, it had not so informed the claimant, in violation of its own policy. In the opinion of the court, it was this failure to so notify the claimant, together with the payment of the amount of the policy to the lienholders, that, in essence, amounted to a waiver of the proof of loss condition and the 12 months limitation on actions condition in the *Hartford* policy. However, the facts before this court, in contrast to the *Hartford* facts, involve an explicit refusal of coverage, by letter, within 45 days from the loss. Pacific's forceful and prompt refusal to Danielson was not the sort of action which might have lulled an ordinary man to believe that no action on his part was required. To the contrary, it was a mandate to act, if recovery was desired. Moreover, Condition 17 made clear to Danielson that an action would not lie against Pacific " * * * unless commenced within 12 months after the happening of the loss."

In summary, the court is of the opinion that the waiver of the proof of loss condition, considered in the light of the express refusal of coverage, simply had the effect of eliminating the proof of loss condition from the policy, leaving the 12 month limitation condition clear and intact. Therefore, because this suit was filed against Pacific after the passing of 12 months after the happening of the loss, the suit is barred by the limitation condition in the policy. Accordingly, Pacific's motion for summary judgment is hereby granted against the plaintiff.